1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re the Application of:

RYAN NEIL MORRISON,
          Petitioner,

vs.

FANY DAMIAN CHANG
          Respondent.

Case No.   2:23-cv-01655-RAJ

VERIFIED PETITION FOR RETURN OF
CHILDREN UNDER THE CONVENTION ON
THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION

## I. INTRODUCTION

1.1      This action is brought by Ryan Neil Morrison, a Permanent Resident of Mexico,

and a citizen of the United States, to secure the return of his child, R.E.M., age 4.

1.2      The child was wrongfully retained in Washington State, then abducted from

Mexico, and then again wrongfully retained in the State of Washington by the child's mother,

Fany Damian Chang, Respondent.

1.3      This petition is brought pursuant to the Convention on the Civil Aspects of

International Child Abduction (the "Hague Convention" or the "Convention", done at the Hague

on October 25, 1980 ("the Convention"), and the International Child Abduction Remedies Act

("ICARA"), 22 U. S. C. 9001 et seq. The Hague Convention came into effect in the United

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

States on July 1, 1988. The Hague Convention came into effect as between the United States and Mexico on October 1, 1991.

1.4     The Hague Convention is a treaty between sovereign states, and therefore entitled to the same weight and deference as the Constitution of the United States.

1.5     The objects of the Hague Convention are:

Article 1 (a):   To secure the prompt return of children wrongfully removed from or retained in any Contracting State; and

Article 1 (b):   To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

1.6     The Hague Convention authorizes a federal court to determine the merits of a claim for wrongful removal or retention of a child. It does not, however, permit the federal court to consider the merits of any underlying custody dispute.

## II.  JURISDICTION

2.1     The United States District Court for the Western District of Washington has jurisdiction pursuant to 22 U. S.C. 9003(a) and (b) (jurisdiction of courts under the Hague Convention). Venue is proper because the child is residing in or near Langley, on Whidbey Island, Island County with the Respondent Fany Damian Chang (also known as Fany Damian Morrison and hereafter referred to as Respondent, Respondent Chang or Mother.)

## III.  STATUS OF PETITIONER AND CHILDREN

3.1.     As noted above, Petitioner Ryan Neil Morrison (hereafter referred to as Petitioner, Petitioner Morrison or Father) and Respondent Chang, are the parents of the child, R.E.M. Separately, Petitioner has provided a true and accurate copy R.E.M.'s birth certificate, EXHIBIT A.

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

3.2.     Petitioner Morrison and Respondent Chang married on November 25, 2016. Separately, Petitioner has provided a true and accurate copy of EXHIBIT B, the Certificate of Marriage.

3.3.     One child, R.E.M. was born of that marriage.

3.4.     Respondent Chang has an older child, D.D.M. also known as G.L.D. and D.D.C., (hereafter referred to as D.D.M./G.L.D./D.D.C.), who is presently age 14. He was also raised by Petitioner Morrison. However, that child is not subject to the jurisdiction of this court in this proceeding.

3.5.     Petitioner Morrison and Respondent Chang met at the Pan American Ultimate Frisbee Tournament in October of 2015 at Playa del Carmen, Quintana Roo, Mexico. Petitioner had traveled to Mexico to compete in that tournament with his team.  When Petitioner Morrison and Respondent Chang met, Petitioner's primary residence was in Seattle, Washington. At the conclusion of the tournament, he returned home.

3.6.     At the time that Petitioner and Respondent met, Petitioner Morrison owned his business, True Mileage, Inc.  Due to the nature of his work, he had the flexibility to travel and work remotely.

3.7.     In December of 2015, Petitioner returned to Play Del Carmen where he and Respondent Chang began cohabitating, eventually marrying on November 25, 2016.

3.8.     On March 7, 2019, Petitioner Morrison purchased a home in Buena Vista, Baja California Sur, Mexico.  At this time, Petitioner and Respondent were expecting a child. Both wished for the child to be a dual citizen. They believed that the establishment of dual citizenship would be easier if the child's American citizenship were established first. For that reason, within a month or so, they traveled to Washington.

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION
Page 3 of 28

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

3.9.     As set forth above, R.E.M. was born in June of 2019.

3.10.    Petitioner and Respondent lived with R.E.M. at Lone Lake Road near Langley, Washington until R.E.M. was 8 weeks old.  On August 20, 2019, they returned to Mexico by air.

ABDUCTION OF D.D.M./G.L.D./D.D.C- A CHILD NOT THE SUBJECT OF THIS PETITION

3.11.    On August 20, 2019, Respondent Chang was detained at the airport by Mexican Immigration authorities for 4 hours upon arriving at the Mexico City airport.  Respondent Chang was flagged due to an existing Amber Alert resulting from her abduction of her then 7 year old son, D.D.M./G.L.D./D.D.C. Separately a true and accurate copy of the Amber Alert is provided as EXHIBIT C.

3.12.    Petitioner Morrison had only heard Respondent Chang's hair- raising accounts of D.D.M./G.L.D./D.D.C.'s father. Respondent Chang claimed that she was forced to flee with D.D.M./G.L.D./D.D.C due to past child abductions by Miguel Ledezma Rubalcava. She claimed that after recovering him, she was forced to remain in hiding due to ongoing violent threats of abduction by Mr. Ledezma Rubalcava. He assumed these accounts to be accurate. Since the authorities permitted Respondent Chang to leave immigration on August 20, 2019, Petitioner Morrison understood Respondent Chang to have been the victim of an unfortunate but mistaken detention.

3.13.    Four years later, in February of 2023, Petitioner Morrison saw D.D.M./G.L.D./D.D.C.'s original birth certificate for the first time. He learned that on February 10, 2010, when D.D.M./G.L.D./D.D.C. was less than one year old, Respondent Chang had changed/ replaced his original birth certificate.  The February 10, 2010 birth certificate removed Miguel Ledezma Rubalcava as D.D.M./G.L.D./D.D.C.'s father.

Ryan Neil Morrison                10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

3.14.    In addition to removing Miguel Ledezma Rubalcava as the child's birth father from the birth certificate, Respondent Chang wiped out any trace of him by changing the child's name from G.L.D. to D.D.C. The line for Father's Name was left blank to indicate D.D.M./G.L.D/D.D.C. either had no father or the father was unknown.

3.15.    Petitioner and Respondent applied for R.E.M.'s Mexican citizenship immediately after R.E.M.'s birth. Separately a true and accurate copy of R.E.M.'s Certificate of Registration as a Mexican Citizen issued in the State of Chiapas, Mexico on September 11, 2019 is provided as EXHIBIT D.

3.16.    Petitioner and Respondent were agreed that they would remain permanently in Mexico.  Petitioner Morrison began the renovation of Buena Vista home purchased on March 7, 2019.  Over the next couple years, he added additional bathrooms, bedrooms, and an entire third floor to the home.

3.17.    On November 11, 2019, Petitioner Morrison secured his status as a Permanent Resident of Mexico. Separately a true and accurate copy of EXHIBIT E.

3.18.    In the fall of 2020, Petitioner and Respondent traveled with R.E.M. and Respondent's older child D.D.M./G.L.C./D.D.C. to Washington in order to prepare Petitioner's Lone Lake Road home for sale.

3.19.    On October 12, 2020, Petitioner sold his Lone Lake Road home.

3.20.    In Buena Vista, B.C.S., Mexico, Respondent Chang managed her own business called 911 Organic.

3.21.    In Buena Vista, B.C.S., Mexico, Petitioner Morrison encouraged the development of R.E.M.'s social skills. To that end, he eventually established a daycare with two other

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION
Page 5 of 28

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

mothers who also lived in Buena Vista. He hired two additional women to assist with the care of the children at the daycare.

3.22.    During the time that Petitioner Morrison remodeled and renovated the Buena Vista home, he, Respondent Chang and the children had periodically traveled to Washington. Petitioner wished for R.E.M. to know his grandparents and extended family. At times, Respondent Chang and the children remained in Washington while Petitioner Morrison handled parts of the remodeling project that were particularly noisy and dusty. Due to covid restrictions, remodel delays, and Respondents Chang's fear of another detention by Mexican Immigration one trip had been of a longer duration.

3.23.    In the Spring of 2022, Petitioner Morrison had done some research in the hopes of finding a second home where the family could vacation during the hottest periods of Buena Vista's summers. Petitioner Morrison hoped to find an affordable community in a nice environment. He identified two cities in particular, Oklahoma City, Oklahoma and Meeker, Colorado.

3.24.    Petitioner Morrison proposed that the family take a trip to search for a possible second home. To that end, Petitioner Morrison booked flights for the family to Tijuana, Mexico for May 25, 2022.

3.25.    Respondent Chang loved the Buena Vista home which had been transformed from a dilapidated property to a beautiful, spacious home overlooking a beautiful beach. She didn't mind the heat and she hated even mild unseasonal cold spells during what should have been summer months north of the Mexican border.  She had no wish for a second home.

3.26.    On May 25, 2022, Respondent Chang refused to pack for the trip and announced that she would not leave Buena Vista. After a very stressful and tense couple hours where

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

1   Respondent Chang threatened to file for divorce if Petitioner Morrison required the family to

2   travel, she consented to the trip.

3       3.27.       Each family member took one suitcase and one carry-on bag for the flight to

4   Tijuana and for the road trip across the southwest.  From Tijuana, the family traveled by car.

5   They meandered slowly across Southern California, Nevada and Utah until reaching Meeker,

6   their destination in Colorado. Unable to find anything affordable, they dropped down through

7   Kansas to Oklahoma City. It had been a long trip. After exploring Oklahoma City, they were

8   tired and disappointed that they found nothing affordable. They realized that it had been

9   unrealistic to believe they could find an environment as beautiful as Buena Vista in an affordable

10  price range.

11

12      3.28.       On June 10, 2022, while in Oklahoma, Petitioner Morrison proposed abandoning

13  the search and returning home to Buena Vista, Mexico.  Respondent Chang was very emphatic

14  that they should travel to Langley, Washington to visit paternal relatives. Petitioner Morrison

15  strongly objected. The trip had already been exhausting. The distance from Oklahoma to

16  Langley was equal to or greater than the distance they had already driven from Tijuana to

17  Oklahoma.

18      3.29.       Respondent Chang was unrelenting in her demand.  However, Petitioner Morrison

19  very clearly communicated that he had grown weary of the time spent in Washington. Due to

20  troubled relationships, he was not comfortable staying with his family for more than a couple

21  days. It was financially burdensome to lodge in hotels for extended periods.

22

23      3.30.       On June 11, 2022, while still in Oklahoma, Respondent Chang assured Petitioner

24  that the visit to Langley, Washington would last no more than two weeks.

25      3.31.       Based on Respondent Chang's assurances, Petitioner Morrison agreed to travel to

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION
Page 7 of 28

Ryan Neil Morrison                10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

Langley for a family visit of no more than two weeks.

3.32.      Petitioner and Respondent drove straight and arrived in Washington with R.E.M. on June 14, 2022.

3.33.      At the conclusion of a two week stay in Langley, Washington, Respondent Chang insisted that they remain two more weeks.  As Respondent Chang was unrelenting in her demand to stay, Petitioner reluctantly agreed to remain for two additional weeks.

3.34.      In mid July 2022, at the conclusion of two weeks, Petitioner Morrison again expressed his wish to return to their home in Mexico. Respondent Chang refused to discuss the date for return.

3.35.      Petitioner Morrison explained that the extended stay in his mother's home was extremely stressful for him. Despite Petitioner's insistence that Respondent Chang honor their agreement that a Washington visit would be no more than two weeks, Respondent would not agree to return home to Mexico.

3.36.      The marital relationship had been experiencing discord.  Respondent's refusal to return home to Mexico in July of 2022 was the straw that broke the camel's back for Petitioner Morrison. At the end of July 2022, Petitioner Morrison told Respondent Chang that he would like to seek a divorce and he removed his wedding ring.

3.37.      Respondent Chang had been quite volatile in July of 2022.

3.38.      Respondent suffers from a bi-polar condition for which she must take prescription medication in order to stabilize her mood.

3.39.      On two occasions prior to July of 2022, Respondent had been physically violent with Petitioner.

3.40.      Respondent was physically violent with Petitioner on April 12, 2020 at their

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

residence at Buena Vista, Mexico. On this occasion, Respondent Chang pushed Petitioner into a wall, beat him, and hit him in the back of the head with a book.

3.41.      Respondent was also physically violent with Petitioner on November 11, 2021 at their Lone Lake Road home near Langley. On this occasion, Respondent hit Petitioner on the side of the face twice with a closed fist, leaving him sore. Petitioner filed a report with law enforcement regarding that incident.

3.42.      Fearing violence by Respondent, and not wishing for the children to be exposed to unnecessary conflict, after taking off his wedding ring, Respondent moved into a small mother-in-law studio apartment above his mother's garage in Langley. The Mother-in-law has a private exterior door and no interior connection to the house.  After Petitioner's move, Respondent and the two children, R.E.M. and D.D.M./G.L.D./D.D.C. remained primarily in Petitioner Morrison's mother's home.

3.43.      In late July and August, Petitioner and Respondent agreed that an amicable divorce would be filed in Mexico upon their return to Buena Vista and that they would share custody of R.E.M. on an equal 50/50 basis.   Although Respondent Chang advised Petitioner that she would no longer take any direction from Petitioner, Respondent Chang gave no indication of an intent to remain in Washington indefinitely. Rather, Respondent Chang communicated that she would agree to go when she was good and ready.

3.44.      In August of 2022, there was some reconciliation, but the plan to divorce had not changed.

3.45.      In late August 2022, Petitioner and Respondent agreed that Petitioner Morrison would return to Mexico whenever he was ready and that R.E.M. would return with him. Petitioner and Respondent agreed that R.E.M. needed to return to Mexico sooner than later. He

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

was attending daycare in Langley but they wished for R.E.M. to continue developing and

cementing his Spanish language skills.  Respondent wanted her older child,

D.D.M./G.L.D./D.D.C. to remain in Langley for the 2022-2023 school year so that she could

sort out his vaccines.  She also wanted D.D.M./G.L.D./D.D.C. to have the same benefit of U.S.

Citizenship as R.E.M. had. As there was no additional cost to secure citizenship status for

D.D.M./G.L.D./D.D.C. if he was added to an application of hers, she proposed they could take

the opportunity to make that application during the 2022-2023 school year.

3.46.    Petitioner Morrison wished to leave Washington and return to Mexico in

September 2022. However, Petitioner and Respondent continued to discuss the terms of an

amicable divorce. Although there were times when communication was good, at other times,

Respondent Mother was unapproachable.

3.47.    In mid September 2022, Respondent Mother had, again, stopped taking the

medication necessary to manage her bi-polar condition. Generally, she was becoming

increasingly agitated over minor issues with all family members.  On one occasion after she was

on the verge of violence, she conceded that she had stopped taking her medication.  However,

Respondent promised to resume the regimen of medication necessary to monitor her moods.

The concern over getting Respondent emotionally stabilized took the better part of September

and October.

3.48.    In mid October, R.E.M. was already being included in discussions of Halloween

celebration planning and the selection of his Halloween costume.

3.49.    R.E.M. was only 3 years old and he may not have realized he had missed the

holiday if he had returned prior to Halloween. However, Petitioner Morrison recognized that

trick or treating in Langley was a special event and that this holiday would not be celebrated in

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION
Page 10 of 28

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

the same manner in Buena Vista, Mexico. For this reason, given that Halloween was so close and that R.E.M. had already been included, Petitioner Morrison agreed to wait until after Halloween to return home.

3.50.     On November 4, 2022, Petitioner notified Respondent Chang that he had purchased flights to San Jose del Cabo (the airport servicing Buena Vista, B.C.S.) and that he and R.E.M. would be returning to Mexico on November 7, 2022. Separately, a true and accurate copy of the flight reservation purchased to San Jose Del Cabo for Petitioner and R.E.M. is provided as EXHIBIT F.

3.51.     On November 4, 2022, Respondent Chang reneged. Initially, Respondent said she would agree to R.E.M. going to Mexico still but now only for the next month. After some discussion, Respondent said she would agree to R.E.M. going to Mexico for only a couple weeks. Later, Respondent refused to agree to have R.E.M. travel to Mexico even for a few days.

3.52.     Despite efforts by Petitioner Morrison to negotiate an agreed date for his return to Mexico with R.E.M., he and Respondent Chang were unable to reach an agreement.

3.53.     Petitioner was devastated by Respondent's repudiation of their agreement regarding custody of R.E.M.  Wishing to maintain a level of harmony, he canceled the flights he had purchased.

3.54.     On November 9, 2022, Respondent Chang told Petitioner Morrison that she had already been consulting with a local divorce lawyer to learn what her options were.

3.55.     Feeling the need to return to Mexico but, given Respondent's propensity for violence, and wishing to avoid a confrontation, on November 12, 2022, Petitioner purchased a flight for himself to Mexico for the following morning.  He called Respondent Chang before departing and let her know that he was returning to home.

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

3.56.     Petitioner Morrison was in Mexico from November 13, 2022 until December 13, 2022.  During that time, he took full design, project management, and financial responsibility for the completion of the failed home construction project for Respondent Chang's parents home in the neighboring town of Los Barriles.

3.57.     Prior to leaving Washington, Petitioner Morrison had not made a clear decision that he would file for divorce upon his return to Mexico. He still hoped for either a marital reconciliation or at least an amicable divorce. Unfortunately, for the entire time that Petitioner Morrison was in Mexico, Respondent Chang refused to give Petitioner access to R.E.M. Respondent Chang refused to even answer any text messages inquiring regarding either minor child.

3.58.     Petitioner Morrison located a lawyer in Mexico and on November 24, 2022 he filed a Petition for Divorce in the Family Court for Cabo San Lucas, Baja California Sur, Mexico under File No. 00962/2022. Separately, a true and accurate copy of the Receipt of Filing for File No. 00962/2022 is provided as EXHIBIT G.

3.59.     For 32 days, the period from November 13, 2022 to December 13, 2022 when Petitioner was in Mexico, Respondent Chang denied all access between Petitioner and R.E.M. and D.D.M./G.L.D./D.D.C..

3.60.     Upon his return to Washington on December 13, 2022, Petitioner went to his mother's home where he found a letter from Respondent Chang.  Respondent advised Petitioner that she had relocated with R.E.M. However, Respondent Chang didn't disclose her address.

3.61.     Upon his return, Petitioner advised Respondent Chang that he had filed a Petition for Divorce in Mexico.  Respondent Chang agreed that the marriage was not working and that a divorce was necessary.  However, Respondent Chang begged Petitioner not to complete the

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION
Page 12 of 28

Ryan Neil Morrison                          10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

Mexican divorce.  Since they agreed she would remain in Langley for the 2022-2023 school year, she suggested that they reach an amicable agreement on all divorce terms and that they file a Joint Petition for Divorce in Island County.

3.62.     D.D.M./G.L.D./D.D.C. was enrolled in school in Langley for the 2022-2023 school year. It was agreed that he and Respondent Chang would remain in Washington. Petitioner and Respondent were, again, in agreement that the custody of R.E.M. would be shared on a 50/50 basis.  The only question was what the 50/50 schedule would be.

3.63.     A few days before December 20, 2022, Respondent began to renege. Respondent Chang suggested that Petitioner could have custody of R.E.M. only a month in the winter, a month in the summer and every other weekend. At this time, Respondent told Petitioner that as a condition of having custody of R.E.M. a month in the winter, a month in the summer and every other weekend, that he would have to pay her a sum of money.  She advised Petitioner that, absent a payment, she would contest a 50/50 custody arrangement and that she expected to receive more than 50% of the custody.

3.64.     Petitioner Morrison made it very clear in discussions that he and R.E.M. would be returning to Mexico momentarily. Respondent Chang asked that Petitioner agree to participate in mediation via telephone with the help of a gentleman named Damon Arndt.

3.65.     On December 29, 2022, Petitioner sent Respondent Chang a text message.  He advised that he was ready to leave, that school for R.E.M. started on Monday, January 9, and that it was important to arrive some days in advance. Petitioner advised Respondent that he had seen flights and that, almost daily, there were good deals. Petitioner advised he wished to have R.E.M. in Mexico a month. EXHIBIT H

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION
Page 13 of 28

Ryan Neil Morrison                        10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

3.66.    Petitioner and Respondent spent New Year's Eve together.  At no time did Respondent indicate disagreement with the intent Petitioner had outlined in his text message.

3.67.    On April 13, 2023, Respondent swore under oath that she had not responded to Petitioner's December 29, 2022 text message as she did not wish to upset him.

3.68.    On January 3, 2023, Petitioner Morrison left Langley, Washington with R.E.M.. Together, Petitioner and R.E.M. return to their home in Buena Vista, Mexico.

3.69.    Between January 3, 2023 and January 24, 2023, Petitioner and Respondent had periodic communications.

3.70.    On January 24, 2023, Petitioner's Mexican lawyer, Perla Palomino, received an electronic copy of three court documents filed by Respondent Chang in a divorce action she initiated in Island County under case no. 22-3-00356-15.  These pleadings included:  1) a Contempt Hearing Order dated January 23, 2023, 2) a Parenting Plan, and 3) Temporary Family Law Order.  This was the first time Petitioner had seen any court documents filed in the Island County divorce.

3.71.    Petitioner learned that on December 28, 2022, unbeknownst to Petitioner, Respondent Chang had filed a Summons and Petition for Divorce in Island County. On that same date, without any notice to Petitioner, Respondent had apparently also secured an Ex Parte Restraining Order prohibiting changing the minor child's residence until further court order, except as agreed to in writing by the parties.

3.72.    In Respondent Chang's December 28, 2022 Petition for Divorce, she falsely alleged that R.E.M., then age 3, had not at any time in the prior five (5) years lived outside the State of Washington or in a foreign country.

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION
Page 14 of 28

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

3.73.    In Respondent Chang's Petition for Divorce, Respondent Chang also falsely alleged that Washington had jurisdiction over the child for purposes of the U.C.C.J.E.A. (Uniform Child Custody Jurisdiction and Enforcement Act), RCW 26.27.

3.74.    Respondent Chang alleged that Washington was R.E.M.'s home state as he had lived in Washington for at least six months just prior to the filing of her Petition.

3.75.    Respondent Chang had full knowledge that R.E.M.'s home state according to the U.C.C.J.E.A. is Baja California Sur, R.E.M.'s permanent residence. All absences by R.E.M. from Buena Vista, Baja California Sur., Mexico have been temporary.

3.76.    In her Petition for Divorce, Respondent Chang concealed the fact that Petitioner Morrison owns a home in Buena Vista, BCS, Mexico, and that he is a permanent resident of Mexico.

3.77.    In her Petition for Divorce, Respondent Chang concealed the fact that the child had only arrived in the State of Washington for a brief and temporary visit on June 14, 2022.

3.78.    In her Petition for Divorce, Respondent Chang concealed the fact that she only advised Petitioner Morrison in August of 2022 that she wished to remain in Washington for the 2022-2023 school year.

3.79.    In her Petition for Divorce, Respondent Chang concealed the fact that in August of 2022, she and Petitioner Morrison were in agreement that she and Petitioner would share the custody of R.E.M. on a 50/50 basis.

3.80.    In her Petition for Divorce, Respondent Chang concealed the fact that until November 4, 2022, Respondent Chang consented to Petitioner Morrison returning to their home in Buena Vista, BCS, Mexico and that she consented to R.E.M. returning to Mexico with Petitioner Morrison where he would exercise his 50/50 custody.

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

3.81.     In her Petition for divorce, Respondent Chang falsely alleged that Petitioner, Ryan Morrison "lives in Washington State."

3.82.     In her Petition for Divorce, Respondent Chang concealed the fact that 1) Petitioner Morrison had returned home to Buena Vista, BCS, Mexico on November 13, 2022, 2) that he had already filed a Petition for Divorce in Mexico, and 3) that he had only returned to Washington on December 13, 2022 to be with R.E.M. and to amicably resolve custody and divorce issues.

3.83.     In her Petition for Divorce, Respondent Chang concealed the fact that their Mexican marriage was a "separation of finances" marriage contract and requested the court determine a division of Petitioner Morrison's assets.

3.84.     Respondent Chang deliberately concealed from Petitioner Morrison of her true intent to keep R.E.M. in Washington for a period of six months in order to file a Petition for Divorce and allege that Washington is R.E.M.'s home state.

3.85.     On January 9, 2023, Petitioner secured an Order to Show Cause for Contempt of the court's December 28, 2022 restraining order. Respondent alleged that, on January 3, 2023, Petitioner knowingly removed R.E.M. from her care after being served a copy of the December 28, 2022 restraining orders.

3.86.     On January 23, 2023, without notice to Petitioner that a show cause hearing was pending before the court, but based on defective non-service of process, a Contempt Hearing Order was entered against Petitioner. Petitioner was ordered to return the minor child, R.E.M. to Island County to Respondent Chang's care.

3.87.     Petitioner Morrison did not return the minor child to Washington as he had not received service of process of the December 28, 2023 restraining order or the January 9, 2023

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION
Page 16 of 28

Ryan Neil Morrison                                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

order to show cause and because Respondent Chang had secured the order under false and fraudulent pretenses.

3.88.     According to the plans that Petitioner Morrison had shared with Respondent Chang, R.E.M. was enrolled in Dr. Maria Montessori School in Los Barriles, a small town next to his home in Buena Vista.

3.89.     On January 24, 2023, Petitioner Morrison filed an updated Petition for Divorce in San Jose del Cabo, Baja California Sur, Mexico in File No. 046/2023.

3.90.     On approx. Jan 25, 2023, Petitioner retained Washington counsel in order to respond to Respondent Chang's Island County petition and to object to the Washington court's jurisdiction. In early March, his Washington counsel discovered that the Island Count Superior Court entered a default order against Petitioner Morrison on February 23, 2023.

3.91.     As before, Petitioner and Respondent had remained in communication. Throughout January and February, efforts were being made to resolve all divorce issues amicably. During this time, R.E.M. remained in Buena Vista, Mexico with his father, Petitioner Morrison.

3.92.     On March 2, 2023, R.E.M. was attending 1st grade at Dr. Maria Montessori School, and he was participating on a soccer team and in a dance group. He participated in other extracurricular activities in the community as well.

3.93.     On March 2, 2023, Respondent Chang appeared at Dr. Maria Montessori, R.E.M.'s school.

3.94.     Dr. Maria Montessori School has a locked security gate and security personnel to ensure the safety of the children.

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

3.95.    Respondent Chang approached the security officer, Alberto, also known as Beto. However, she did not identify herself as R.E.M.'s mother. Instead, Respondent Chang advised Officer Beto that she wished to register a new student.

3.96.    Officer Beto sought out Giccel Leylani Montano Rochin, a teacher at Dr. Maria Montessori School, to assist the Respondent. Ms. Montano Rochin advised Respondent that she could provide this information after all the children had left.

3.97.    Ms. Montano Rochin watched as Respondent left, and got into a grey Sentra.

3.98.    Ms. Montano Rochin waited at the gate while Officer Beto went to get the keys to the gate to admit the parents of another student who were picking up their child.

3.99.    Ms. Montano Rochin observed that the Respondent, who had returned, had slipped through the gate behind the parents admitted by Officer Beto. She was accompanied by a man, now known to be Nelson Damian Chang, Respondent's brother.

3.100.    At the time when this was occurring, the school children were returning to the classroom from recess.  Respondent grabbed R.E.M.

3.101.    In an act of protection, Ms. Montano Rochin took R.E.M. away from Respondent and hugged R.E.M. Respondent, who had originally attempted to enter by use of subterfuge, had still not identified herself to Ms. Montano Rochin.

3.102.    A physical struggle ensued between Ms. Montano Rochin and Respondent over R.E.M..  When Ms. Montano Rochin was only able to hold R.E.M. by one foot, Respondent prevailed in completely tearing him away from Ms. Montano Rochin.

3.103.    Respondent fled from the school with R.E.M. tucked under her arm, and jumped into a grey Sentra parked in front of the school.

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

3.104.     Ms. Montano Rochin, alarmed and scared, screamed to Officer Beto that these people were stealing a child and she screamed for more help.

3.105.     Ms. Cristina Gabriela Rosas Aguilar, the parent of students in attendance at Dr. Maria Montessori School, was across the street visiting with a friend when she heard the screams for help from Ms. Montano Rochin.  All of a sudden, she observed a man, who she later learned was Nelson Damian Chang, Respondent's brother. He was running towards the main street from inside the school and she saw a woman with a child, who she later learned were R.E.M. and the Respondent Mother.

3.106.     Ms. Rosas Aguilar observed Respondent running to the grey Sentra that she and Nelson Damian Chang, had parked in front of the school.  Officer Beto was physically blocked by Respondents' Mexican Attorney Jeyzelth Alejandra Plascencia Vega and therefore only managed to give the Respondent a kick to the leg as she was getting into the grey Sentra.

3.107.     The grey Sentra made a loop around the children's park to exit towards the street. Respondent almost ran over Officer Beto, who had then run across the street to try to stop the kidnapping vehicle.

3.108.     Nelson Damian Chang had been inside the school while the struggle ensued. When Respondent fled with R.E.M. Nelson Damian Chang had not yet reached the vehicle and he was abandoned and he attempted to flee the scene running on foot but was detained by standards and then by local police, he apparently suffered injuries as a result of physical altercations inside and/or outside of the school.

3.109.     After Ms. Rosas Aguilar observed the above, she went to Ms. Montano Rochin who was crying and hysterical but explained that this man and woman were kidnapping R.E.M. Learning this, Ms. Rosas Aguilar chased the car, got a partial license plate number, and told all

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

nearby people to help stop the man, Respondent's brother, and other woman, Respondent's attorney.

3.110.    Respondent's attorney was dressed in jeans, a black shirt and dark glasses and was shouting that the woman who took the child was R.E.M.'s mother. This woman then identified herself as Alejandra, Respondent's attorney. Separately, a true and accurate copy of the statement by Cristina Gabriela Rosas Aguilar is provided as EXHIBIT H.

3.111.    Traumatized, Ms. Montano Rochin filed a report with the prosecutor's office in Los Barriles, Baja California Sur. Separately, a true and accurate copy of the statement by Giccel Leylani Montano Rochin dated March 3, 2023 is provided as EXHIBIT I.

3.112.    Ms. Montano Rochin reported to law enforcement that she was frightened and physically injured by Respondent during the struggle. Likewise, she reported that the children who had witnessed the kidnapping were also quite frightened. For this reason, she asked that the strongest possible consequences under the law be imposed.

3.113.    On March 3, 2023, Attorney Dulce Elizabeth Cortez Lopez, a prosecutor for the Specialized Unit for Investigation and Prosecution of Crimes against Family and Sexual Freedoms for La Paz, B.C.S., wrote to Manuel Cordero Esparza, head of the Immigration office for Baja California Sur. She requested an Amber Alert to prevent Respondent, Fany Damian Chang, also known as Fany Damian Morrison, from leaving the state of Baja California Sur or the territory of Mexico. She asked that they be detained with Notice given to the Prosecutor's office of such detention. Separately, a true and accurate copy of the letter by Attorney Dulce Elizabeth Cortez Lopez dated March 3, 2023 is provided as EXHIBIT J.

3.114.    On March 3, 2023, the Head District Attorney for the Department of Justice for Los Barriles, Baja California Sur, petitioned for the activation of the requested Amber Alert in

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

order to locate R.E.M. It noted the criminal case number UILBR/60/2023/NUC,

LBR/19/2023/NUC. Separately, a true and accurate copy of the petition by the Head District

Attorney dated March 3, 2023 is provided as EXHIBIT K.

3.115.    On April 5, 2023, Petitioner secured an Order Vacating the February 23, 2023

default order entered in the Island County Superior Court. Separately, a true and accurate copy

of the Order Vacating dated April 5, 2023 is provided as EXHIBIT L.

3.116.    On April 17, 2023, the Island County Superior Court entered a very burdensome

restraining order against Petitioner Morrison.  It gave him 15 minutes of video contact with

R.E.M. three times a week and restrained him from going within 1000 feet of Respondent's

home or work (where R.E.M. attended daycare.)

3.117.    Over Petitioner's objection to the court's jurisdiction over the divorce and

jurisdiction over R.E.M., on May 5, 2023 a guardian ad litem was appointed to investigate

issues of child custody.

3.118.    Over time, the Island County Superior Court has enlarged Petitioner Morrison's

access to R.E.M. and dramatically modified the restraining orders.  Presently, the court's order

dated June 20, 2023 grants Petitioner Morrison three visitations every week: 1) from Sunday at

10:00 a.m. to Monday at 8:25 a.m., 2) Tuesdays from 1:00 p.m. to 7:00 p.m., and 3) Thursdays

from 1:00 p.m. to Friday at 8:25 a.m.. There are now identical restraining orders that mutually

restrain both Petitioner and Respondent from disturbing the other's peace or going within 100

feet of the other's home except for purposes of child exchanges.

3.119.    Both Petitioner and Respondent are restrained from removing R.E.M. from Island

County.

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL
CHILD ABDUCTION
Page 21 of 28

Ryan Neil Morrison                          10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

3.120.   On July 10, 2023, Petitioner Morrison filed an Application Under the Hague Convention for the Return of Child. Separately, a true and accurate copy of Petitioner's July 10, 2023 Hague Application is provided as EXHIBIT M.

3.121.   In support of his Hague Application, Petitioner Morrison provided a copy of the following as attachments: 1) R.E.M.'s birth certificate EXHIBIT A, 2) the Certificate of Marriage for he and Respondent Chang EXHIBIT B, 3) a Wanted poster for Fany Damian Chang issued by the Prosecutor's office for Los Barriles, Baja California Sur, Mexico EXHIBIT N, 4) an 8 page narrative referencing important background facts and incorporating witness statements from the March 2, 2022 abduction of R.E.M. from his preschool EXHIBIT O 4) two photos of R.E.M. and two photos of Respondent Chang EXHIBIT P.

3.122.   Petitioner Morrison has advised the Island County Superior Court that he has submitted an Application Under the Hague Convention for the Return of Child.

3.123.   R.E.M. was wrongfully retained in Washington from approximately July 1, 2022 through January 3, 2023.

3.124.   R.E.M. returned to his home in Mexico on January 4, 2023 and he remained there until March 2, 2023 at which time Respondent Chang abducted him.

3.125.   R.E.M. has been wrongfully retained in Washington from approximately March 5, 2023 until the present.

IV. WRONGFUL REMOVAL OF CHILD AND RETENTION: CLAIM FOR RELIEF

4. 1.   As set forth above, Mexico is the child R.E.M.'s habitual residence.

4. 2.   As set forth above, Respondent Chang deliberately concealed from Petitioner Morrison of her true intent to keep R.E.M. in Washington for a period of six months in order to file a Petition for Divorce and allege that Washington is R.E.M.'s home state.

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

4. 3.    As set forth above, Respondent Chang deceived Petitioner Morrison to believe that she was in agreement with she and Petitioner Morrison sharing custody of R.E.M. on a 50/50 basis.

4. 4.    As set forth above, Respondent Chang deceived Petitioner Morrison to believe that she was in agreement that R.E.M. would return to his home in Buena Vista, B.C.S., Mexico with Petitioner Morrison.

4. 5.    As set forth above, Respondent Chang deceived Petitioner Morrison to believe that she and her older son, D.D.M./G.L.D./ D.D.C. would remain in Washington only for the 2022-2023 school year.

4. 6.    As set forth above, the Respondent mother wrongfully retained the minor child, R.E.M. in the State of Washington from approximately July 1, 2022 until January 3, 2023.

4. 7.    For the period from June 14, 2022 through January 3, 2023, Petitioner Morrison at no time consented to nor acquiesced to Respondent Chang's retention of R.E.M. in Washington on anything other than for purposes of a temporary visit.

4. 8.    As set forth above, after R.E.M.'s return to Buena Vista, B.C.S., Respondent Chang wrongfully removed R.E.M. from his habitual residence of Mexico on March 2, 2023 by abduction.

4. 9.    Such removal and retention of the Child is wrongful within the meaning of Article 3 of the Hague Convention because:

(a)    It is a violation of Petitioner's rights of custody as established by the Family Code for the State of Baja California, Chapter I, General Provisions, Articles 474-488.

(b)    At the time of the Childs removal from Mexico, Petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Hague Convention and, but for Respondent's removal and retention of the child, Petitioner would have continued to exercise those rights; and

Ryan Neil Morrison
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

10/25-rev

(c)      The Child was habitually resident with Petitioner in Mexico within the meaning of Article 3 of the Hague Convention immediately before his removal and retention by Respondent.

4. 10.      Petitioner has a right of custody of R.E.M., the child at issue in this case, within the meaning of Articles 3 and 5 of the Hague Convention in that Petitioner and Respondent lived together in a marital union with R.E.M. and Petitioner Morrison was exercising his rights of custody.

4. 11.      Respondent Chang is residing with the minor child, R.E.M. at or near Langley, Washington.

4. 12.      The Hague Convention applies to children under sixteen (16) years of age. The child is now 4 years old and thus, the Hague Convention applies to him.

4. 13.      This Petition is filed less than one year from both Respondent's wrongful removal of the child on March 2, 2023 and since November 4, 2022 when Respondent Chang first voiced her objection to R.E.M.'s return to Mexico. As set forth above, Petitioner has never consented or acquiesced to Respondent's wrongful removal or retention.

## V.  PROVISIONAL REMEDIES

5. 1.      Pursuant to 22 U.S.C. § 9004(a) the court may take or cause to be taken measures to protect the well being of the child and to prevent a child's further removal or concealment before the final disposition of the petition.

5. 2.      Petitioner requests that pending further court hearing, that this Court issue an order restraining Respondent Chang from removing R.E.M. from Western Washington and from the jurisdiction of this court.

5. 3.  Petitioner requests that the court further order an expedited hearing, to be held within 6 weeks of service on Respondent Chang of Petitioner's verified petition.

Ryan Neil Morrison      10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

## VI.  ATTORNEY FEES AND COSTS
### (22 U.S.C. § 9007 (b)(3))

6. 1.      To date, Petitioner Morrison has incurred attorneys' fees and costs as a result of the wrongful removal and the wrongful retention of the Child by Respondent Chang.  Petitioner Morrison has incurred travel costs for himself from Mexico to appear at the Island County Superior Court divorce proceeding and in order to visit R.E.M. under the terms of the present Temporary Parenting Plan issued by the Island County Superior Court. He will incur other miscellaneous costs as well.

6. 2.      Petitioner respectfully requests that this court award him all costs and fees, including costs for lodging, transportation and other miscellaneous costs, incurred to date and up until the time of hearing as required by 22 U.S.C. § 9007 (b)(3), and in such amount to be proven at the time of the hearing.

## VII.  NOTICE OF HEARING

7. 1.      Pursuant to 22 U.S.C. § 9003(c), Respondent Chang shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VIII.  RELIEF REQUESTED

Petitioner requests that the court enter an order or orders which:

8.1 .      An immediate restraining order prohibiting the Respondent Chang from removing the child from Western Washington and from the jurisdiction of this court pending a hearing on Petitioner's verified Petition for Return of Children;

8.2 .      An immediate restraining order prohibiting any person acting in concert with and/ or participating with Respondent Chang from taking any action to remove the Child from Western Washington and from the jurisdiction of this court pending an expedited hearing on Petitioner's verified Petition for Return of Children;

8.3 .      An order requiring Respondent Chang to pay all expenses incurred by Petitioner

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

Morrison in this matter, including airfare, hotel, food, and other travel expenses and necessities incurred by Petitioner in this action;

8.4 .    An order requiring Respondent Chang to pay all attorney's fees and costs incurred by the Petitioner in securing the return of the child to his habitual residence;

8.5 .    An order requiring the Respondent to appear before the court on an expedited basis and to show then and there why

1) the court should not enter an order finding

a. that the child's habitual residence is Buena Vista, Baja California, Mexico;
b. that the Respondent wrongfully removed the child from Mexico;
c. that the Respondent has wrongfully retained the child in Washington;
d. that the Petitioner is the father of the child with rights of custody
e. that the Petitioner was exercising his rights of custody prior to the wrongful removal and retention by Respondent;
f.  that the court has jurisdiction of this action.

8.6 .    The court should order any other further relief to Petitioner Morrison as justice may require.

Dated this ___27____ day of _____October_____ , 2023.

Ryan Neil Morrison

Calle Sin Nombre #S/N
Colonia Piedras Gordas
Buena Vista C.P. 23580
Buena Vista , Los Cabos
BCS, Mexico

Ryan Neil Morrison            10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

1

2                                VERIFICATION OF PETITION

3

4   I, Ryan Neil Morrison, declare as follows:

5

6       1.    I am the Petitioner in this matter.

7       2.    I am presently representing myself but this Petition was prepared on my behalf by a

8   licensed attorney.

9       3.    I have read the petition above and the information contained is based on information

10  provided by me to my preparing attorney.  The information I provided is based on my personal

11  knowledge is true and correct.

12

13      I declare under penalty of perjury under the laws of the state of Washington that the foregoing

14  is true and correct.

15

16      Signed at <u>Buena Vista, BCS, Mexico</u>, on the 27 day of October, 2023.

17

18

19                              Ryan Neil Morrison

20                              Calle Sin Nombre #S/N
                                Colonia Piedras Gordas
21                              Buena Vista C.P. 23580
                                Buena Vista, Los Cabos
22                              BCS, Mexico

23                              2768 Evening Glory Ct.
                                Clinton, Washington  98236
24
                                ryannmj@gmail.com
25                              +1 206-755-5280

Ryan Neil Morrison                    10/25-rev
2768 Evening Glory Ct.
Clinton, Washington  98236
ryannmj@gmail.com
206-755-5280

1

2                          CERTIFICATE OF SERVICE

3        I certify that on this 30 day of October, 2023, I electronically filed the foregoing document

4   with the Clerk of the United States District Court using the CM/ECF system.

5

6        At this time, Respondent Chang is not registered with the CM/ECF system.

7

8        After filing, this document will be immediately served on Respondent Fany Damian

9   Chang through her divorce representative named Camdyn Joiner, LLLT at email address

10  camdyn@familylawlt.com so that she have the earliest possible notice.

11       Separately, Respondent Chang will be served personally as required by federal civil

12  rules.

13

14  Signed at <u>Buena Vista</u>  , BCS Mexico on the  27 day of <u>October</u>,  2023.

15

16

17                              Ryan Neil Morrison

18                              Calle Sin Nombre #S/N
                                Colonia Piedras Gordas
19                              Buena Vista C.P. 23580
                                Buena Vista, Los Cabos
20                              BCS, Mexico

21                              2768 Evening Glory Ct.
                                Clinton, Washington  98236
22
                                <u>ryannmj@gmail.com</u>
23                              +1 206-755-5280

24

25

VERIFIED PETITION FOR RETURN OF CHILDREN UNDER THE        Ryan Neil Morrison              10/25-rev
CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL          2768 Evening Glory Ct.
CHILD ABDUCTION                                           Clinton, Washington  98236
Page 28 of 28                                             ryannmj@gmail.com
                                                          206-755-5280