FILED
LODGED
ENTERED
RECEIVED

NOV 2 7 2023   **CR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    **DEPUTY**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

RYAN NEIL MORRISON

                          Petitioner,

vs.

FANY DAMIAN CHANG

                          Respondent.

No. 2:23 -cv-01655 RAJ

ANSWER TO PETITION FOR RETURN OF
CHILD AND DECLARATION OF
RESPONDENT

Respondent Fany Damian Morrison (f/k/a Chang) answers petitioner's complaint as
follows:

## I. INTRODUCTION

1.1 Respondent admits that the action was brought by Ryan and that Ryan is a citizen of
the United States but denies the remainder of the allegations set out in paragraph no.
1.1 of the complaint.

1.2 Respondent denies the allegations set out in paragraph no. 1.2 of the complaint as the
The Superior Court of Island County issued a temporary restraining order under cause no.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 1 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

22-3-00356-15, which restrained either parent from changing the residence of the child until further notice of the court, where the child's residence was in Langley, WA.

1.3 Respondent denies for lack of sufficient information, knowledge and belief the allegations set out in paragraph no. 1.3 of the complaint.

1.4 Respondent denies for lack of sufficient information, knowledge and belief the allegations set out in paragraph no. 1.4 of the complaint.

1.5 Respondent denies for lack of sufficient information, knowledge and belief the allegations set out in paragraph no. 1.5 of the complaint but it is her understanding that: In accordance with Article 1 of the Hague Convention, the purpose of the Convention is to:

a) To ensure the prompt return of children UNLAWFULLY ABDUCTED OR RETAINED in any Contracting State; and

b) To ensure that custody and access rights under the law of one Contracting State are effectively respected in the other Contracting States.

1.6 Respondent denies for lack of sufficient information, knowledge and belief the allegations set out in paragraph no. 1.6 of the complaint but again, believes the purpose of the Hague Convention is as stated in 1.5 a) and b) above.

## II. JURISDICTION

2.1 Respondent admits/denies/denies for lack of sufficient information, knowledge and belief the allegations set out in paragraph no. 2.1 of the complaint.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 2 of 53

III. STATUS OF PETITIONER AND CHILDREN

3.1 Respondent agrees as to the Petitioner and Respondent are the parents of R.E.M. and that a copy of R.E.M's U.S. birth certificate was attached in petitioners Ex. A but denies the remainder of the allegations set out in paragraph no. 3.1, Ex. A of the complaint that the other document contained in Exhibit A is a "birth certificate." Our Habitual residence was Langley, WA but when R.E.M. was three months old, we traveled to Mexico in September 2019, so I could stay with my parents because I had medical complications after R.E.M. was born. Petitioner did not have the ability to take care of me and the baby and he did not want his family to get involved since he didn't trust his mom's care of the baby. He preferred my mom to take care of us, so me and my two children stayed with my parents for a while. While The Petitioner, the children, and I were in Mexico, we immediately applied for the Mexican citizenship of R.E.M. and our application was authorized and issued in the State of Chiapas, Mexico on November 09, 2019. That is the other document attached in petitioner's Exhibit A.

3.2 Respondent admits to being married to Petitioner on November 25, 2016, that the marriage was entered into by separate property, and a true and accurate copy of the Marriage Certificate was provided in Exhibit B.

3.3 Respondent admits the allegations set out in paragraph 3.3 of the complaint, that R.E.M. is the only child of the parties' marriage who is currently 4 years and 5 months old.

3.4 Respondent admits the allegations set out in paragraph 3.4 of the complaint. Respondent also has a son with initials D.D.M., who is 14 years old, and together the three of us, R.E.M., D.D.M and I, formed a family based on love and respect.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 3 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.5 Respondent admits that she met Petitioner at a Pan American Tournament called Ultimate Frisbee, in October 2015, which was being held in Puerto Morelos, Quintana Roo, Mexico. The petitioner had traveled to Mexico to compete in that tournament with his team. At that time he stated his main residence was in Seattle, Washington, and at the end of the tournament he said he returned home and the two of us continued to be in constant communication.

3.6 Respondent denies for lack of sufficient information, knowledge and belief the allegations set out in paragraph no. 3.6 of the complaint.

3.7 Respondent admits that Petitioner visited Playa Del Carmen and returned to the United States on a constant basis, traveling several times and that in December 2015, we decided to get married. We talked about where we would live as a family, then Petitioner asked me that once we were married, if we move to the United States, so he could continue with his job, and he also stated that he did not like to live all the time in Mexico. Petitioner told me that he wanted to give our family a better quality of life and he wanted us to get to know his town where he has grown up since he was in elementary school. His friends and family lived on the south of Whidbey Island, so I agreed, and we finally got married on November 25, 2016.

3.8 Respondent admits that Petitioner purchased a home in Buena Vista, Baja California Sur, Mexico in March, 2019 but denies the remainder of the allegations set out in paragraph no. 2.1 of the complaint and corrects the facts as follows:

Immediately after our marriage Petitioner and I started the residency procedures for me and my son D.D.M. In July 2017, the U.S. government approved our residency, and we came to live as a family on Whidbey Island, Washington where Ryan has roots. (EXHIBIT A) My

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 4 of 53

oldest son started the school year at the local school, I found local medical services for him, and started him in extracurricular activities, etc. In December of that same year 2017, Petitioner and I bought our first home at 3905 Lone Lake Rd in Langley, WA (EXHIBIT B). That was our home and our place of residence, where the Petitioner, D.D.M., and I lived, and where D.D.M. attended school  (EXHIBIT C).

In June of 2018, after having completed several studies and with a great desire to improve myself for the well-being of myself and our family, I obtained a certificate as a medical interpreter in Spanish through the school of Everett Community College.  My intention was to find a better job in the United States and continue contributing to the family expenses. In 2018, I became pregnant with our son R.E.M.  I took care of my pregnancy in the United States, where we lived as a family. Miranda Hastings was my midwife at 1015 6th St Suite 102, Anacortes, WA 98221 (EXHIBIT D).

In March 2019, when I was pregnant, Petitioner and I decided to take a family vacation and first visit my parents in Chiapas and then travel to the town of Los Barriles, in Baja California Sur. We wanted to visit the Baja peninsula since my parents wanted to buy a house in Los Barriles area, where they would like to live. We took the opportunity to travel because Evelyn Vanderlip, who at the time was a friend of the family, had a house near Los Barriles and offered for us to stay a few days with her. When we arrived in Los Barriles, Baja California Sur, Ryan loved the place and suddenly decided to buy a house in Buena Vista, Baja California Sur, stating that it would be a rental house and an investment. This was very surprising for me, since the petitioner typically planned things in advance and in a very methodical way. We had never talked about owning a vacation home in Mexico, much less

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 5 of 53

investing in one as a business. He bought the house and I was very sad to know that he put it only in his name knowing that less taxes would be paid if my name was on the title since I am Mexican, but there was no trust. In June 2019 our son R.E.M. was born in the United States, where we had our residence as a family, on Lone Lake Road in Langley, Washington USA.

3.9 Respondent admits the allegations set out in paragraph 3.9 of the complaint.

3.10 Respondent admits the allegations that she and Petitioner lived with R.E.M. at Lone Lake Road near Langley, until R.E.M. was eight weeks old and on August 20, 2019, they returned, temporarily, to Mexico by air. I had postpartum complications and my mom was taking care of the baby and me.

3.11 Respondent admits that the whole family was detained at the Mexico City airport for Immigration authorities for 4 hours and denies the rest of the allegations set out in paragraph 3.11 of the complaint and corrects the facts as follows:

Petitioner's Exhibit C is not an Amber Alert. That is my handwriting and petitioner's handwriting on a piece of paper. Mexican authorities did not give an explanation of the detention and let us go, however they made me sign an official letter which I was denied a copy. I was only able to write the number of the document. For the record, this note and all of my personal records were taken by the Petitioner when he left us in November 2022. He took all my legal/personal paperwork along with my oldest son's documents and still has not returned them in full. That particular piece of paper along with my evidence against Miguel Angel Ledezma Rubalcava (D.D.M father) was never returned to me by the petitioner.

3.12 Respondent denies for lack of sufficient information or belief the allegations set out in paragraph no. 3.12 of the complaint and corrects the facts as follows:

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 6 of 53

Before we were married but in a relationship, the petitioner met Miguel Angel Ledezma Rubalcaba in person in 2016. The petitioner was present when Miguel took the car I was using and witnessed aggressive behavior towards me. The petitioner saw Miguel having visits with D.D.M/G.L.D./D.D.C in Playa del Carmen. When Miguel didn't let me see Damian for 14 nights, the petitioner was in the U.S. Miguel finally returned D.D.M/G.L.D./D.D.C to my care, Miguel said that he never wanted to see our son or be responsible for him financially. The petitioner and I didn't hear from Miguel for about 7 months.

The petitioner advised me when Miguel, without any notice tried to get D.D.M/G.L.D./D.D.C out of school. Ryan was in the USA at the time, when I arrived at my house and the security man of our neighborhood told me that Miguel had come several times to the neighborhood and that he had wanted to break into my house, that he had arrived with 2 cars and other men. I called Ryan and he advised me to leave the state of Quintana Roo immediately and wait until he returned from his trip from the USA. The petitioner received threats over the phone from Miguel when we left the state of Quintana Roo. The petitioner not only knew Miguel Angel Ledezma Rubalcaba,  D.D.M/G.L.D/D.D.C father, but advised and to the events he describes in his complaint.

3.13 Respondent denies for lack of sufficient information or belief the  allegations set out in paragraph no. 3.13 of the complaint and corrects the facts as follows:

The Petitioner knew about the double birth certificate of D.D.M/G.L.D/D.D.C since 2017, not until 2023 as the petitioner claims. The Petitioner has always been in control of all my and my oldest son's personal documents, as well. The petitioner is very meticulous and organized all our family legal papers.  In Playa del Carmen in  2017, I requested custody of my son

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 7 of 53

D.D.M/G.L.D/D.D.C. The petitioner accompanied me to do the paperwork and was present when D.D.M/G.L.D/D.D.C was interviewed. The petitioner also accompanied me to seek legal advice from the DIF and with a lawyer. Separate is a true email from the petitioner marked "Goten" showing the petitioner's knowledge of my oldest son's multiple birth certificates and name changes. (EXHIBIT E)

3.14 Respondent agrees that D.D.M/G.L.D/D.D.C has two birth certificates and in the second one I am a single mom.

3.15 Respondent agrees with the accurate copy of R.E.M.'s Certificate of Registration as a Mexican Citizen issued in the State of Chiapas, Mexico on September 11, 2019 is and denies the rest of the complaint no 3.15 and corrects the facts as follows:

While not immediately after R.E.M was born, we applied for R.E.M dual citizenship when we visited family in Mexico in September, 2019. I agreed to go to Mexico, temporarily, for help with the baby and so the petitioner could oversee renovations to our investment property purchased in March 2019.

3.16 Respondent denies and corrects as follows: We went to stay with my parents in Chiapas, September - October to receive help after medical complications with the birth of R.E.M. My mom had been with us in the US helping with the care of our son and me, but had to return to Mexico on August 16, 2019 as she came on a tourist visa. We took a plane to Mexico on August 20, 2019 Volaris reservation code VBG89T. The Petitioner lacked the ability to take care of me and the baby and did not want his family involved. I agreed to go to Mexico temporarily, for help with the baby and so the petitioner could oversee renovations to our investment property purchased in March 2019. It was then we applied for the Mexican citizenship of R.E.M. which was authorized and issued in the State of Chiapas, Mexico on November 09, 2019.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 8 of 53

We stayed in Mexico for 10 months, from September 2019 to June 2020. We delayed our return to the United States due to the fact that the Covid 19 pandemic began. There were many global uncertainties that delayed and complicated our re-entry, along with the fear of R.E.M or D.D.M/G.L.D/D.D.C being infected. There were more cases in the US. But when Covid came to the town in Los Barriles/Buena vista area in Mexico, the petitioner and I got very concerned about our safety, so we decided that it was time to return to our habitual home at 3905 Lone Lake Rd in Langley WA, USA, Separately, a timeline chart shows our time spent in Mexico and in the USA since 2017, highlighting our stays in both countries since I got pregnant of R.E.M as (EXHIBIT F)

3.17 Respondent agrees that On November 11, 2019, Petitioner Morrison secured his status as a Permanent Resident of Mexico as his exhibit E but denies for lack of information on complaint paragraph no 3.17 and corrects true facts:

The petitioner secured a permanent Resident Card to make fees and taxes cheaper on the house in Mexico.

3.18 Respondent denies the allegations for lack of information in paragraph no 3.18 and corrects as follows:

In July 2020, the petitioner and I traveled with R.E.M. and my son D.D.M./G.L.D back to our habitual residence in Washington, having finished the paperwork for R.E.M, I was recovering well, Covid was getting worse in Baja and we decided to get back to our home in Washington. The petitioner was overseeing the progress and renovation of the vacation home in Buena Vista.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 9 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

The house in Mexico was always and investment for extra income, which became an Airbnb vacation home as exhibited with the Airbnb. Separate listing of investment property on Airbnb in Mexico along with account payout receipts from October 11, 2022- November 25,2022. (EXHIBIT G)

August, 2020 the petitioner bought a lot in Freeland, WA. with the intent to build a bigger house due to COVID restrictions, petitioner did not like to have D.D.M/G.L.D/D.D.C full time at home. Petitioner sold our house to pay for property to build. We sold our property to a friend Evelyn Vanderlip, in support for our family, she agreed to let us rent (very affordably) the house we had sold her on Lone Lake until we are done building. Separately is a true and accurate copy of Island County Assessor office proof of quick claim deed of house in 2017 sold to George and Evelyn  Vanderlip in Oct 2020 and a copy of Island county assessor office of purchase of 4930 Harbor hills Rd property as Exhibit H)


R.E.M was enrolled in the South Whidbey Children's Center on September 14, 2020. The following evidence is R.E.M enrollment records Starting Sept 14, 2020 -November 24, 2021 and again enrolled June 19, 2022- Currently (EXHIBIT I) my oldest son was enrolled in Wellington Day school as they had an in person classes (EXHIBIT J). The kids had established their pediatric visits and community activities such as community pick up frisbee games that are 3 times a week. (EXHIBIT K).

In May, 2021, I began to work as a teacher at South Whidbey Children's Center, where R.E.M was enrolled; as part of my benefits R.E.M tuition was covered.

3.19 Respondent agrees with the complaint that on October 20, 2020 we sold our house on 3905 Lone Lake rd and I was part of the transaction.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 10 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.20 Respondent agrees I did an fruits and vegetables, and called my delivery service '911 Organic' with but denies for the lack of information the remainder of the allegations set out in paragraph no. 3.20 of the complaint and corrects the facts as follows:

This was not a business. I did this activity for 2 months (April-May 2020) during our forced extended stay in Buena Vista Baja California Sur in Mexico due to COVID. We came back to the USA in July, 2020. Separate a screenshot of the day I opened 911 organic email account to the last day I received an inquiry in May, 2023 as (EXHIBIT L)

3.21 Respondent denies for lack of information of the allegations set out in paragraph no. 3.21 and correct the facts as follows:

There was never a daycare. Grecia Guadalupe Cota Marquez was a nanny hired by the petitioner so that I had hours I could work remotely. The petitioner hired her to keep R.E.M busy and out of the house because the petitioner didn't like the noise. Grecia did not want to take care of more children while taking care of R.E.M. Our son played with  two younger children on occasion, however the mother of those children hired a third person to take care of those little ones. It was never a joint childcare. Attached is her statement of the events in Baja during that time (Exhibit M)

3.22 Petitioner denies these allegations for lack of information of the allegations set out in paragraph no. 3.22 and correct the facts as follows:

The timelike for these allegations are misleading and inaccurate. July 2020-November 2021 The petitioner, myself and the kids stayed in our home in Lone Lake Rd in Langley. I had a job and kids were enrolled in school. The petitioner would travel multiple times with the excuse of supervising the remodeling of the house in Mexico.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 11 of 53

During September 2021 The Petitioner got into a fight with Evelyn, our friend and landlord, and we sued her for harassment. Evelyn testifies in court that the petitioner is abusive, controlling, and dangerous. Evi expresses in that statement that she was concerned about me and the children's safety. (EXHIBIT N)

The petitioner also has a misunderstanding with the house designer for our lot in Freeland, WA US and chose not to move forward with building our house. In November 2021 we are forced to vacate the house that Evi rented back to us. We lived 17 uninterrupted months in 3905 Lone Lake Rd. in Langley Washington. Separately, a true copy of email sent by the Petitioner to Evelyn saying we do not have intentions to leave soon dated Sep 6, 2021 as EXHIBIT O )

Accommodating the petitioner, I reluctantly agree to visit Mexico so Ryan can recover from the lawsuit and get more stable. Pausing my work at South Whidbey Children's Center located at 120 sixth st. Langley, Washington, and the kids' schooling.

It was temporary, we still had a lot in Freeland, the Petitioner promised that we would return and build a house,  most of our personal belongings stayed with Ryan's mom Candace Jordan in Langley. Separately, a true copy of email sent by the Petitioner forwarding information about lot home building process on Oct, 12, 2021  as EXHIBIT P )

3.23 Defender agrees that the petitioner did a research for houses all over USA and denies these allegations for lack of sufficient information, knowledge set out in paragraph no. 3.22 and correct the facts as follows:

During our stay in Mexico from December 2021 to May 2022 the petitioner was getting more erratic and unstable. By spring of 2022, he was looking all over the country and would send me suggestions and listings sometime by the minute from all over the country when we already had a lot to build in Freeland WA. I was worried about his mental health and texted his family trying

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

to set up a family intervention to get him help. The exhibit shows a series of texts starting July 2022 through Oct 30, 2022 from Candace Jordan (petitioner's mother), texts from Amber Morrison (petitioner's sister) with a Narcissistic personality disorder link, and Wayne Morrison. (EXHIBIT Q)

While in Mexico, seeing that the Airbnb was successful, the Petitioner put pressure on my parents to move out of our ground level home to be able to rent the whole 3 levels of the house. Petitioner told me that it was time to return to the United States.

We were in agreement that the USA offers better opportunities for every member of the family. We looked at some options other than Whidbey Island. It is getting harder to have a rational conversation with the Petitioner so I put the petitioner's needs first over the family needs and I agree to visit the places in Oklahoma or Colorado where the petitioner thought he could find the perfect place for him.

I told Petitioner that it was necessary for me to settle in one place. R.E.M and D.D.M/G.L.D/D.D.C and all of us needed stability. We agreed on building our house in our lot in Freeland or buying a house for our family. I also asked him to go to therapy as he was getting contradictory with most of his decisions.

3.24  Respondent agrees that we all as a family took a flight to Tijuana, Mexico on May 5, 2022 but denies the remainder of the allegation for lack of information on paragraph no. 3.24 and corrects the facts as follows:

Whidbey Island is where we have friends, family, school, medical care, the lot in Freeland, a supportive community and we file taxes.  We both agreed that Whidbey Island is a special place and perfect for raising young children.  On May 25, 2022, Grecia Guadalupe Cota Marquez drove the family to the airport. She knew we were only temporary in Buena Vista but she would

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 13 of 53

keep working cleaning the Airbnb (EXHIBIT M). We arrived in Tijuana, we took our car and the petitioner drove across the border.  Me and the kids were happily back in the USA.

3.25   Respondent agrees that I love the Buena Vista home which had been transformed a dilapidated property to a beautiful, spacious home overlooking a beautiful beach, but denies the remainder of the allegation in paragraph no. 3.25 and corrects the facts as follows:

I do mind the hot summer heat in Buena Vista Baja, Mexico. My wishes were that the petitioner would agree to go to therapy, get a job to bring income to help me cover the family's needs. The US provides more resources and I wanted to go back to Whidbey Island, which is already our home and is the best place for me, R.E.M and D.D.M/G.L.D/D.D.C.

3.26 Respondent admits that it was a very stressful and tense couple of hours, but denies the remainder of the allegation in paragraph no. 3.26  and corrects the facts as follows:

Living with the petitioner was causing me a lot of anxiety. The petitioner was very aggressive, manipulative and would change his mind in a short notice. I asked the petitioner to promise me to get mental help and get a normal job or a hobby for him to better manage his time and help his behavior. Petitioner gets easily frustrated when things do not go his way and he gets upset every time I bring up the idea of a counselor or get a job. I made it clear that the family needed stability and that once established back in the USA, we would not move again.

3.27   Respondent admits that each family member took one suitcase and one carry-on bag for the flight to Tijuana and for the road trip across the southwest. From Tijuana, the family traveled by car. They meandered slowly across Southern California, Nevada and Utah until reaching Meeker, our destination in Colorado, but denies for lack of information of the  remainder of the allegation in paragraph no 3.27 and  corrects as follows:

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 14 of 53

We did find affordable houses however for one reason or another the town or houses did not meet the petitioner's expectations regardless. I felt the petitioner had unrealistic expectations about finding the perfect place with the financial resources we had and his unwillingness to get another job or make compromises.

3.28 Respondent admits Petitioner Morrison proposed abandoning the search and returning to Buena Vista, Mexico but denies for lack of information of the  remainder of the allegation  in paragraph no 3.28 and  corrects as follows:

I was very concerned about the petitioner's mental health and how he was constantly changing our plans. He was very short tempered and his mood was changing within hours. I insisted on coming back to Whidbey Island where we already have connections and we could build a house as promised on Oct, 2021 (EXHIBIT P). We had both agreed that in case the petitioner could not find a house, we would  return to Whidbey Island and build our house on our lot in Freeland.

3:29 Respondent agrees with the petitioner was not comfortable staying with his family for more than a couple days but denies for lack of information of the  remainder of the allegation  in paragraph no 3.29 and  corrects as follows:

I was firm about sticking with our plan to move back to our habitual residence. And continued asking the petitioner to get help and a counselor, to help the family by getting another job so we could rent a house for our family while we build a house for our family as promised. I had been working, raising the kids and needed support.

3.30 Respondent denies this allegation.


3.31 Respondent denies for lack of information of the  remainder of the allegation  in paragraph no 3.31 and  corrects as follows:

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 15 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

The petitioner said that he could not stay with his mom for more than two weeks but agreed that the island is the perfect place,  especially in the summer and it would be good for all of us to go back to Whidbey island and settle down.

3.32 Respondent agrees that we drove to Washington and we came to Washington on June 14, 2022 but but denies for lack of information of the  remainder of the allegation  in paragraph no 3.32 and  corrects as follows:

We all drove to Washington and made shortstops, we celebrated R.E.M birthday in a motel. The petitioner was in a rush to get back to the Island and settle down. We came to live with petitioner's mom at 849 Suzanne ct in Langley WA.

3.33 Respondent denies for  lack of information or believed of the the allegation  in paragraph no 3.33 and  corrects as follows:

My kids and I were enjoying the summer and being back home.  The petitioner's mental health was getting worse, he was ambivalent with everything. He screamed at his mom that he wanted to die and the petitioner isolated himself in the detached little studio above his mom's garage. I plead for him to get help. (EXHIBIT R).

3.34 Respondent agrees that Petitioner would express to come back to Buena vista baja but denies the rest of  allegation for lack of belief in paragraph no 3.34 and  corrects as follows:

June 27, 2022, We both enrolled our son R.E.M back to his habitual school at South Whidbey Children's Center in Langley (see EXHIBIT I) The Petitioner states mid July refusal to leave when our son was already enrolled back in school. It made no sense to go back to Mexico while the house was successfully giving us income on Airbnb and we needed money to build the house in our lot in Freeland as promised.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 16 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.35 Respondent agrees that the stay in his mother's home was extremely stressful for him but denies this allegation for lack of information and believe in paragraph no 3.35 and corrects as follows:

Petitioner was unstable, he was changing his mind from one day to another, sometimes every hour. The petitioner was sending links for houses to buy in Michigan, Austin, Idaho. The petitioner even bought a ticket to go himself to Costa Rica for a house hunting trip. The petitioner refused to get help and wanted to run away again. The more I asked him to get help the more isolated and removed he became. I didn't know what to do.

The rest of the family was back, stable and thriving in the community that we belong to, kids were at school, having medical appointments and attending family events including the frisbee pickup games. I was working full time and meeting the day to day needs of the children and making sure their emotional needs were met as well.

3.36 Respondent agrees that the marital relationship had been experiencing discord and denies for lack of sufficient information, knowledge and belief the allegations.

3.37 Respondent denies this allegation for lack of information or belief in complaint no. 3.37

3.38 Respondent denies this allegation for lack of information or belief in complaint no. 3.38

3.39 Respondent denies this allegation for lack of information or belief in complaint in complaint no. 3.39

3.40 Respondent denies this allegation for lack of information or belief in complaint in paragraph 3.40

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 17 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.41  Respondent denies for lack of information of the remainder of the allegation in paragraph no 3.32 and corrects as follows:

The police report was filed as a retaliation for the petitioner being arrested July 7,2023 for breaking the parenting plan in our ongoing US divorce proceedings. He filed the report in July 2023, nearly 2 years after the supposed altercation. Separately, a true copy OF email from Robert J Johnson Deputy Prosecutor Attorney Island county, subject "Ryan Morrison matter" as EXHIBIT S)

The police had to follow up any report and came to my house twice, and they called me many more causing my kids and I much anxiety. The case was dismissed.

3.42 Respondent agrees Respondent moved into a small mother- in-law studio apartment above his mother's garage in Langley. The Mother-in-law has a private exterior door and no interior connection to the house. Respondent and the two children, R.E.M. and D.D.M./G.L.D./D.D.C. remained primarily in Petitioner mother's home and I was meeting the day to day need of the children and making sure their emotional needs were meet as well and denies  for lack of information of the remainder of the allegation in paragraph no 3.42 and corrects as follows:

The petitioner was unstable and did not like the noise, he did not have patience with his mother and decided to live in the detached studio above the garage. The petitioner was living in the detach studio since June 2023, when we came back to live with her mom at 849 Suzanne Ct in Langley WA.

3.43 Respondent agrees that we talked about an amicable divorce and the Petitioner would express his wishes of returning to Buena Vista, don't give child support or alimony, and would like to take R.E.M with him, but denies for lack of information of the remainder of the allegation in paragraph no 3.43 and corrects facts as follows:

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 18 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

I was very worried about the petitioner's mental health but we never discussed. I would never have agreed to share 50/50 custody of our son R.E.M. because that is not what I feel is best for R.E.M. especially given the petitioner's mental decline.   I was asking the petitioner to get counseling.

3.44 Respondent agrees that there was a reconciliation but denies for lack of information, knowledge and belief the allegations set out in paragraph no. 3.44 of the complaint and corrects the facts as follows:

From June 2022, to January 2022 Petitioner changed his mind multiple times about our relationship. I was trying to keep the family together but I realized through therapy that I was in an abusive relationship. The Petitioner was still looking for a house for the family and making offer using Mr. Forbes as an agent. Separately is a true and accurate copy of Whatsapp transcript where the petitioner sent to the respondent house listings from  Sep, 2022 - October, 2022 (EXHIBIT T).

3.45 Respondent agrees that R.E.M. was attending daycare in Langley but denies for lack of information, knowledge and belief the allegations set out in paragraph no. 3.45 of the complaint and corrects the facts as follows:

 I wanted for D.D.M./G.L.D./D.D.C. to remain in Langley for the 2022-2023 school year. I have always been clear about not wanting R.E.M. to go to Mexico just to learn Spanish, and never wanted to be away from him..

I wanted to provide stability to R.E.M and D.D.M./G.L.D./D.D.C. It is true I would like to become a Citizen along with my oldest son. I was for the first time putting the family needs over the petitioner's needst.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 19 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.46 Respondent agrees that petitioner wanted to go to Mexico and there were times when communication was good but denies this allegation and corrects the facts as follows.

From June 2022, to January 2022 Petitioner changed his mind multiple times, I gave the option to the petitioner to go to Mexico by himself and tried to put his ideas together. This was very upsetting for the petitioner and he would get aggressive and more abusive. I was looking out for the best interests of the family.

The petitioner would bring the idea of the divorce but soon after the petitioner would change his mind and send another link for a house for the family to buy. (EXHIBIT T). During this time Petitioner also made offers to buy houses and land on the island. The Petitioner even bought a flight to go to Costa Rica. It was impossible to know what the petitioner wanted. I just continued to work on keeping the kids and I stable, the kids needed and deserve that. My children continued school, doctors appointments, frisbee pick up games, etc in Langley, WA, USA. Where we have alway been established and welcomed. I continued my psychological therapy with Luna Marinez online, since all of this generated a lot of anxiety for me.

3.47 Respondent denies this allegation and corrects the facts as follows.

I have never been diagnosed or treated for bipolar disorder, nor have I taken medication related to it. All the family instability along with irrational mood swings from the petitioner has caused me much "anxiety" and worry, I continued my therapy with Luna Marinez online and I had also put D.D.M./G.L.D./D.D.C. in therapy.

3.48 Respondent agrees.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 20 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.49 Respondent agrees with R.E.M. was only 3 years old and he may not have realized he had missed the holiday if he had returned prior to Halloween. However, Petitioner Morrison recognized that trick or treating in Langley was a special event and that this holiday would not be celebrated in the same manner in Buena Vista, Mexico but denies and corrects the facts as as follows:

The Petitioner failed to notify me he was planning on going to Mexico after Halloween.

3.50   Respondent agrees that On November, 2022, Petitioner notified Respondent Chang that he had purchased flights to San Jose del Cabo for him and R.E.M that they both would be returning to Mexico on November 7, 2022. Separately, a true and accurate copy of the flight reservation purchased to San Jose Del Cabo for Petitioner and R.E.M. is provided as EXHIBIT F. but denies for lack of information the remind of the complain in paragraph 3.50 and corrects the facts as follows:

The petitioner tried to pressure me to agree to let R.E.M go saying my authorization was needed immediately while he had the airline on the phone. I said no. On that occasion Ryan became very violent and grabbed my hands, approached my face as if he was going to hit me and said that I had to give my authorization because he had paid for the flights. That night I had to ask his mom to stay in the house because I was scared.

3.51 Respondent agrees that the Petitioner kept pushing his wishes of taking R.E.M with him to Mexico while D.D.M./G.L.D./D.D.C AND i stayed at his mom's house. The Petitioner believed that that was the best for all members of the family.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 21 of 53

1    3.52 Respondent agrees.

2    3.53 Respondent agrees that petitioner canceled the flight and denies the rest of the complaint for

3    lack of sufficient information, knowledge and belief the allegations set out in paragraph no. 3.53

4    of the complaint and corrects as follows:

5    The petitioner was very frustrated that I was finally standing up for the family and realizing that I

6    was worried about my safety and the petitioner was not bringing

     harmony to the family.

7    3.54 Respondent agrees.

8    3.55 Respondent agrees that on November 12, 2022 petitioner left for Mexico and  denies the

9    rest of the complaint  for lack of information on paragraph no 3.55 and corrects the facts as

10   follows:

11   The Petitioner left without notice, on Nov 12, 2022 I was very worried about the petitioner's

12   safety. The petitioner called me back to say that he was at the airport and he was on his way to

13   Mexico. The petitioner abandoned us without notice, he did not say goodbye to the kids or leave

14   money to cover our expenses or a time he would return. Petitioner sent his one way flight

15   information that day at 11:12 am and asked me to modify the availability for our Airbnb in

16   Buena Vista, Baja California sur. Mexico because he was going to stay there and didn't only want

17   to have guests in the Penthouse area. I was devastated.   (EXHIBIT U)

18   3.56 Respondent agrees that from Nov 12, 2022 to Dec 13, 2022 the petitioner was not in the

19   USA with us, while in Mexico he took full design, project management, and financial

20   responsibility  for the home construction project for my parents but denies for lack of

     information and the complaint in paragraph no 3.56 and corrects the facts as follows:

21

22   ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 22 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

The Petitioner did not complete or finish the house for my parents, until today the house does not have floor, it is not painted or have windows. We were all confused, the Petitioner said that it was a gift, later on during his negotiations to the divorce the Petitioner would said I owed him this money. I was not sure about the Petitioner's intentions, I did not know if he wanted to keep the Airbnb or if he was going to sell the house as he has mentioned we needed more money to buy a house on the Island instead of building in our lot because it was going to take longer and he could not keep living at his mom house or wanted to rent a house for the family.

3.57 Respondent agrees that the Petitioner had not clear decisions and denies the rest of the complaint for lack of information or belief on paragraph no 3.57 and corrects the facts as follows:

When the petitioner abandoned us on November 12, 2022 he also took all the legal papers of all the family members with him, passports, greencards, medical records, etc. I was very confused and I did not understand what the petitioner plan was. On Nov. 19, 22 petitioner asked me to have phone calls with R.E.M and he requested to be notified if there was an emergency or medical situation. I accommodated his requests On Nov 21, 2022 I texted the petitioner and let him know that R.E.M had a doctor appointment due to a respiratory virus infection (EXHIBIT V)

3.58 Respondent agrees that there is a Family Court for Cabo San Lucas, Baja California Sur, Mexico under File No. 00962/2022 a true and accurate copy of the Receipt of Filing for File No. 00962/2022 is provided as petitioner exhibit G but denies for lack of information the rest of the complaint and corrects the facts as follows:

I was never served nor did I have knowledge that the petitioner had located a lawyer in November while in Mexico. Until served with this Hague Petition my lawyer in Mexico,

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 23 of 53

ADRIAN REAL ORDAZ, has since found this filing and informed me of the petition but that it was canceled but also found that much of the information listed was untrue.

Petitioner said in that file that my address was in Los Cangrejos, in Cabo San Lucas, Baja California Sur, a place where I have never been or lived. He claims that WE HAVE NO CHILDREN, which is not the case, since from our marriage was born R.E.M., whom I would never deny. The petitioner then desisted from that action, I was never served and didn't know about it until recently.

3.59 Respondent denies allegations set out in paragraph no. 3.59 of the complaint and corrects the facts as follows:

On Nov 19, 2022 petitioner asked to have phone calls with R.E.M and requested to be notified if there was an emergency or medical situation. On Nov 21, 2022 I texted the petitioner and let him know that R.E.M had a doctors appointment due to a respiratory virus infection (EXHIBIT V) The kids and I were still living at His mom's house and the petitioner had many calls with R.E.M but often chose to call his mom's phone to talk with R.E.M.

3.60 Respondent agrees that upon his return to Washington on December 13, 2022 and denies allegations set out in paragraph no. 3.60 of the complaint and corrects the facts as follows:

His mother's home at 849 Suzanne Court Langley, WA is the petitioner's home. (EXHIBIT J) It is where he filed taxes, received mail and is listed on his US driver's license. I left a letter (EXHIBIT W) to the petitioner letting him know that I wanted to file for a divorce. Petitioner called me in the middle of the night upset after reading my letter. He knew we were on the Island and he would meet Esteban first thing in the morning. On Dec 14, 2022 the petitioner visited our new residency at 6045 McMaster rd in Freeland, WA where I had signed a full year lease with my two kids as tenants (EXHIBIT X). I was hoping for a mutual agreement divorce at that point.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 24 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.61 Respondent agrees that the marriage was not working and that a divorce was necessary and I suggested an amicable agreement and filed for a divorce at Island County Superior Court, but denies for lack of information or knowledge the rest of this allegation as set on paragraph 3.61 and corrects the facts as follows. The petitioner never brought up a divorce in Mexico to me, I was never served and didn't know about any divorce proceeding in Mexico at that time.

3.62 Respondent agrees that  D.D.M./G.L.D./D.D.C. was enrolled in school in Langley for the 2022-2023 school year and denies the rest of the allegation set on paragraph 3.62 for lack of information and corrects the facts as follows:

R.E.M was also enrolled for the 2022-2023 school year (EXHIBIT I) and I had a contract at South Whidbey Children's Center (EXHIBIT Y)  where R.E.M attends. I was clear that I did not want Estaban to go to Mexico. I don't believe that removing R.E.M from his community and family was in his best interest. At this point, I was very concerned about the Petitioner's choices, I was never going to agree to a 50/50 custody or let the petitioner take our son to Mexico.

3.63 Respondent agrees that we were talking about divorce details and denies the rest of the complaint for lack of information or believe on paragraph no 3.64 and corrects the true facts as follows:

Petitioner always expressed his wishes about taking R.E.M with him to Mexico. I asked the petitioner for his proposal about child support, I also asked him to give me his proposal about the costs as I do not have access to our finances, he had all the legal documents with him and he has said in the past that in case of a divorce he would be fair.

3.64 Respondent agrees that the Petitioner made it clear in discussions that he would like for R.E.M. to go to Mexico momentarily and I suggested using petitioner's friend, Mr. Damon Arndt

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 25 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

and as a mediator but denies the rest of this allegation for lack of information on paragraph no. 3.64 and corrects the facts as follows:

I HAVE ALWAYS BEEN CLEAR ABOUT NOT WANTING R.E.M. TO GO TO MEXICO despite the insistence of the petitioner. I suggested Damon as he is the petitioner's friend and he is well respected in the community.   At this point, I was really worried about the Petitioner choices and I knew he would do anything to take R.E.M with him to Mexico.

3.65 Respondent agrees on December 29, 2022, Petitioner sent me a text message. He was ready to leave that school for R.E.M. started on Monday, January 9, and that it was important to arrive some days in advance. Petitioner advised me that he had seen flights and that, almost daily, there were good deals. Petitioner advised he wished to have R.E.M. in Mexico a month but denies the rest of the allegation on paragraph no 3.65 and corrects as follows:

The Petitioner admits leaving 849 Suzanne Ct with his mom in his (Exhibit H-1.) The Petitioner could no longer keep living with her and was clearly putting his needs and wishes over R.E.M best interest. I have always been the primary caregiver, we have a close bond and R.E.M feels safe and loved when he is with me. R.E.M and his older brother have an emotional attachment. Taking R.E.M away from his routines and attachment figures based on the petitioner's needs seemed unfair.

3.66 Respondent agrees that we spent New Year's Eve together but denies the rest of the complaint for lack of information on paragraph 3.66 and corrects the facts as follows:

Divorce papers were legally served December 30, 2022  (EXHIBIT Z) I did not respond via text, we talked about it in person and the respondent admitted that his mom gave him some documents. From December 13, 2022 to January 3, 2023 The petitioner tried to move in with us, wanted to force me to have relations, the petitioner took the extra keys to my house and refused

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 26 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

to give them back to me. The Petitioner also spent Christmas at our house on 6545 McMaster Rd in Freeland WA. Petitioner's mom was also with us at New Years at my house, she was aware of the divorce proceedings.

3.67 Respondent agrees that I swore under oath and had not responded to Petitioner's December 29, 2022 text message but denies the rest of the complaint for lack of information on paragraph 3.67 and correct as follows:

I did not wish to upset the Petitioner, I had to be very careful not to upset him as he gets aggressive, intimidating, unreasonable and is hard to communicate with. I did not respond by text but we talked about it in person. I HAVE ALWAYS BEEN CLEAR ABOUT NOT WANTING R.E.M. TO GO TO MEXICO. R.E.M needed stability. Whidbey Island is our home. R.E.M is thriving in this community. I was highly concerned about R.E.M safety and Ryan taking him which is the reason why I served him with the Restraining Order. The Temporary Restraining Order was filed Dec 28 and the petitioner was served December 30 (EXHIBIT AA) On Dec 28, 2022 I filed for a divorce at Superior Court in Washington, Island County, where our family established residence. The restraining order established that R.E.M would remain at the address located at 6045 McMaster Rd in the city of Freeland in the State of Washington in the United States. The court ordered a Temporary Restraining Order at that time restraining both parties from changing the residence of R.E.M without a written agreement for both parties.

3.68 Respondent agrees that on January 3, 2023 the petitioner did not return R.E.M to my home and denies for lack of information the rest of the complaint on paragraph 3.68 and corrects the facts as follow:

The petitioner omitted saying that it was his choice to unilaterally change R.E.M. residence by keeping our son without my consent and not returning him to his habitual residence in Freeland,

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 27 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

WA. Then the petitioner took R.E.M. to Mexico without my consent. The Petitioner chose not to follow Court Orders. (EXHIBIT AA)

3.69 Respondent agrees that between January 3, 2023 and January 24, 2023, Petitioner and Respondent had periodic communications but denies for lack of information and correct the facts as follows:

In this EXHIBIT are texts trying to find Esteban and a witness statement from South Whidbey Children's Center where the petitioner took our son. (EXHIBIT AB)

That night, I called the police to inform them that the petitioner did not bring our son R.E.M. back to my home at his residence in 6045 McMaster Rr in Freeland, WA. Separately a copy of Island County Sheriff Office Report 23#I00159 for Custodial Interference on Jan 3, 2022. (EXHIBIT AC)

I texted his family asking for information about our son or the petitioners whereabounds. (EXHIBIT AB)

On January 04, 2023, The petitioner called me and let me know that he had took our son to Mexico, that he had no plans to return R.E.M. to me, despite the fact that I never authorized my son to leave the country and much less not to return him to me. That same day my parents called me back telling me that they had just seen the petitioner and R.E.M at Buena Vista Baja California Sur, Mexico.

On January 9, 2023, I went to the Superior Court of Washington, Island County, to report what the petitioner had done and filed for a Motion for Contempt Hearing Order to go to court for Contempt Hearing. On January 11, 2023, my mother, Fany Chan Cruz, served the petitioner in Buena Vista, Baja California Sur, Mexico. Petitioner was aware of the Island County Court Hearing on January 23, 2023. (EXHIBIT AD)

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 28 of 53

Between January 3, 2023 and January 24, 2023 I asked the petitioner many times to bring Esteban back to his home in the USA. The petitioner did not have a plan, did not respond to my emails. On Jan 15, 2023 I emailed the petitioner, he knew about the proceedings I stated on Dec 28, 2022. On Jan 19, 2023 I emailed the Petitioner again begging to bring Esteban back, I also reminded him he was served and at risk of contempt, and we also talked about having a mediator. On January 12, 2023 I contacted the FBI agency. There is a case conducting a criminal investigation on the petitioner for International Parental Kidnaping. I have been designated to receive information about R.E.M. as a possible victim of a crime. (EXHIBIT AE)

On Jan 20, 2023 The State Department emailed me the application for the Hague Convention. (EXHIBIT AF)

The Consulate of the United States in the Tijuana office of the FBI sent a letter to Lic. Daniel de la Rosa Anaya, Attorney General of Justice in the State of Baja California Sur asking for support of the recovery of R.E.M acknowledging the mother Fany Morrison's custody of the child.

January 23, 2023 The Petitioner was found in Contempt of Court (EXHIBIT AG) and full custody was awarded to me,  Separately, a is a true and accurate copy of the Parenting Plan awarding full custody Case No: 22-3-00356-15 Superior Court, Island County (EXHIBIT AH).

3.70 Respondent agrees that On January 24, 2023, Petitioner's Mexican lawyer, Perla Palomino, received an electronic copy of three court documents filed by Respondent Chang in a divorce action she initiated in Island County under case no. 22-3-00356-15. These pleadings included: 1) a Contempt Hearing Order dated January 23, 2023, 2) a Parenting Plan, and 3) Temporary Family Law Order and denies for lack of sufficient information, knowledge and belief the rest of allegations set out in paragraph no. 3.70 of the complaint and corrects the facts as follows:

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 29 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

Before Jan 3, 2023, Petitioner and I talked in person about the divorce documents that his mom has received at 849 Suzanne Ct in Langley, WA and that he was served. On Jan 11, 2023 my mom personally served the petitioner with Island County divorce papers and the petitioner had the documents in his hands. Petitioner's responded after being served again in Mexico by evicting my parents where they had been temporarily living in the investment property Buena Vista in Baja California Sur Mexico.

The petitioner chose not to appear at US Superior Court of Island County, and in Mexico the Respondent opened a second divorce knowing there is a divorce proceeding already in the USA.

3.71 Respondent agrees that on Dec 28, 2022. I filed for Petition for Divorce in Island County and Temporary Restraining Orders were given to me as is a normal proceeding in all divorces and denies the remained of the allegation set out in paragraph no. 3.71 on the complaint and corrects the facts as follows:

Petitioner knew about the US legal proceedings on Island County as he was served twice, we talked about this in person and sent him emails with this information. Petitioner chose to wrongfully take our son R.E.M to Mexico instead of appearing at Island county Court. It was not my responsibility to offer him legal advice.

3.72 Respondent agrees that R.E.M., then age 3, had not at any time in the prior five (5) years lived outside the State of Washington or in a foreign country but denies the remained of the allegation set out in paragraph no. 3.72 on the complaint and corrects the facts as follows:

I mentioned to my attorney at the time about not having the dates organized and due to the urgent necessity to file for divorce and get the Temporary Order that restrain both parents from changing the residence of the child I was advised how to fill out. On Dec 28, 2022 my attorney was outside the country and I had to file documents at court. The most important thing was to

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 30 of 53

protect R.E.M's safety. I had attached the timeline chart with details and reasons why R.E.M has spent time in both countries (EXHIBIT F).

3.73 Respondent denies this allegation for lack of information or knowledge on allegation in paragraph no. 3.73 on the complaint and corrects the facts as follows:

R.E.M has lived on South Whidbey Island in Langley and Freeland uninterrupted since June 2022 until the day of his abduction to Mexico on Jan 3, 2023 by the petitioner. R.E.M lived on Whidbey Island at least 6 months prior filed for divorce on Island County Superior Court.

3.74 Respondent agrees that Washington was R.E.M.'s home state as he had lived in Washington for at least six consecutive months just prior to the filing of her Petition and I denies the remind of the allegations set out in paragraph no. 3.74 of the complaint and corrects the facts as follows: We as a family agreed to come back to Whidbey Island where we have connections, friends and have family stability. We came to live with the petitioner's mom at her home 849 Suzanne ct in Langley WA. In June 2022, Petitioner and I were in agreement and enrolled our son R.E.M in school at South Whidbey Children's Center for a whole school year.

3.75 Respondent denies the allegations set out in paragraph no. 3.75 of the complaint and corrects the facts as follows:

R.E.M's habitual residence has been South Whidbey Island. Our son has attended the same school he had prior, the petitioner and I enrolled our child. R.E.M has friends, doctors appointments, etc. The petitioner and I filed tax returns showing our address is Langley WA, it also shows R.E.M as a dependent along with D.D.M./G.L.D./D.D.C. (EXHIBIT J).

Our two temporary visits to Mexico have been circumstantial.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 31 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

1  From August 2019 to June 2020. We went to visit my parents in Chiapas as petitioner could not

2  take care of my health complications after giving birth to our son R.E.M and petitioner trusted

3  my mother's care more than his family. Then we went to Buena Vista Baja and stayed in our

4  friends house for a few months until the family investment home was habitable, we delayed our

5  stay due to covid restrictions. We already had and owned our habitual home at 3905 Lone Lake

6  Rd in Langley. During our visits to Mexico, we rented month by month to our friends as we had

7  plans to come back.

From Dec 2021 to May 2022. We did not have plans to move (EXHIBIT O). We were forced to

8  move to our now rental home on 3905 Lone Lake rd in Langley. Ryan and I had sued our friend

9  for harassment in September 2021 and she gave us 60 or 90 days notice. We still owned the piece

10  of land in Freeland where the petitioner and I had plans to build a house for the family. The

11  petitioner promised a short visit to Mexico and we would return and build a house on the lot, he

12  even forwarded me an email with the title "Fwd: Reality Homes with date Oct 12, 2021

13  regarding plans for our lot home building process. (EXHIBIT P)

14  This temporary visit to Mexico was meeting petitioner's needs and not considering the family

15  needs. During this stay in Mexico, we set up the Airbnb house in Buena Vista Baja Mexico and

16  decided not to sell the house as it was giving us steady monthly income. R.E.M's nanny took us

17  to the airport and we had no further plans to move to Mexico, not even as a vacation. We wanted

to settle down in one place and have family stability.

18  3.76 Respondent agrees that I did not share any of his financial statements at Superior Court

19  Order and denies the allegations set out in paragraph no. 3.76 of the complaint and corrects the

20  facts as follows:

21

22  ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 32 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

As is customary in divorce proceedings, the US court asked the petitioner to file his financial information and even asked for discovery requests. We need the financial information before we could talk about financial settlement. I did not know if the petitioner still owned the house or if he had sold the house in Buena Vista Mexico. The petitioner did not share any financial plans with me, the petitioner would ask me to close or open the calendar on Airbnb but I was not aware of his plans.

3.77 Respondent denies the allegations set out in paragraph no. 3.77 of the complaint and corrects the facts as follows:

On May 2022 we all, as a family came back to the USA to settle down. It was the petitioner's idea to look for places in other states, he wanted to be sure that Whidbey Island was the right place to raise our child. There was no place that could meet the petitioner's needs and we were in agreement and decided to come back to our home town in Langley, WA. We were both in agreement and enrolled our son for the whole year at his previous school at South Whidbey Children's Center in Langley, WA. The petitioner made offers to houses on Whidbey Island and we wanted to build a house in our lot in Freeland. Petitioner spent a lot of time designing his dream house for the family. This was not a temporary visit. I also signed a year contract at my previous job at SWCC where our son attends.

3.78 Respondent agrees that I wished to remain in Washington and denies the allegations for lack of information in paragraph no. 3.78 of the complaint and corrects the facts as follows:

It was my wish to give stability to my family and put our family needs above the petitioner's needs. I wanted to own a family home or rent a house for our family in Langley, WA. I wanted to permanently continue living in Langley where all members of the family have

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 33 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

1  connections, support system, we are safe and the kids thrive.

2

3  3.79 Respondent denies the allegations set out in paragraph no. 3.79 of the complaint and

4  corrects the facts as follows: The petitioner and I have never had an agreement about the

5  custody of our son R.E.M.

6  3.80 Respondent denies the allegations set out in paragraph no. 3.79 of the complaint and

7  corrects the facts as follows:

8  I have always supported the petitioner to go to Mexico by himself to get himself together. I

9  have never consented to take our son to Mexico and we have never had a custody agreement .

10  I have been firm in my decisions.

11

12  3.81 Respondent denies the allegations set out in paragraph no. 3.80 of the complaint and

13  corrects the facts as follows:

14  In June 2022 We had an agreement to return to Langley Washington and start living at the

15  petitioner's mom's house at Suzanne Ct , the petitioner abandoned us for a month mid Nov

16  12, 2022 to Dec 13, 2022. The petitioner came back to his studio above his mom's garage and

17  found my letter. Petitioner kept living at his mom's house. I was never informed if he had

18  moved from this address.

19  3.82 Respondent denies the allegations set out in paragraph no. 3.80 of the complaint and

20  corrects the facts as follows:

21  At the time of filing for divorce in December 2022 I did not know anything about the divorce

22  ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 34 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

in Mexico No. 00962/2022. I was never served and the petitioner never shared this information with me.

Petitioner said in that file that my address was in Los Cangrejos, in Cabo San Lucas, Baja California Sur, a place where I have never been or lived.

· He stated that WE HAVE NO CHILDREN, which is not the case, since from our marriage was born R.E.M., whom I would never deny.

· The petitioner then desisted from that action, that's why I never found out about it. I was never served with any divorce, I didn't know about it, and about all the untruthfulness that the petitioner expressed in that divorce.

On Nov 12, 2022 the petitioner took all the family members' legal documents along with him but I did not understand the reason. The Petitioner did not share his plans about moving permanently to Mexico, even in December 2022 the Petitioner expressed his wishes to move in with us at 6045 Mc Master Rd in Freeland. The Petitioner stayed overnight with us at our residence.

3.83 Respondent denies the allegations for lack of information and knowledge set out in paragraph no. 3.83 of the complaint and corrects the facts as follows:

I am not trying to deceive anyone or specially any Court in Mexico or in the USA. I am asking Island County to decide the custody of our child and decide the financial part as well. I was still hoping for a mutual agreement and my urge to file for a divorce was to protect our son from being abducted by his father. Money and properties are not my priority in this high conflict divorce.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 35 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.84 Respondent denies the allegations for lack of information set out in paragraph no. 3.84 of the complaint and corrects the facts as follows:

We both in agreement enrolled our son for the whole year at his previous school at South Whidbey Children's Center in Langley WA. The petitioner made offers to houses on Whidbey Island and we wanted to build a house in our lot in Freeland. Petitioner spent a lot of time designing his dream house for the family. I also signed a contract at my previous job at SWCC where our son attends. This was not a temporary visit.

3.85 Respondent denies this allegation in paragraph no. 3.85 and corrects the facts as follows:

A motion for default was filed by my attorney at Island County on Feb 23, 2023 because the Petitioner did not respond to the petition for divorce and the Court signed it the same day. Then the petitioner chose to appear and an Order for Default was vacated on April 5, 2023. He was properly served twice and chose not to appear at court. Separately, a true copy of Proof of Service as EXHIBIT V and AD

3.86 Respondent agrees that there was a Contempt Hearing on January 23, and petitioner was ordered to return the minor child, R.E.M. but denies the remainder of the complaint for lack of information and corrects the facts as follows:

Petitioner was served twice and the order reads "Prior to his removal, on January 3, 2023 R.E.M. has been a habitual resident of Island County, Washington in the United States of America in the residence of the petitioner Fany Morrison. The child was wrongfully removed to Mexico by the respondent without the petitioner's knowledge or consent.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 36 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

This was a violation of the petitioner's right and the petitioner was exercising her legal rights to the child at the time of the child's removal by the respondent. At the time of the removal there was a valid Island County Superior Court Restraining Order in effect ordering the child to continue reside in the petitioner's home" Separately, a true copy of Proof of Service  as EXHIBIT V and AD and a Contempt Order as EXHIBIT AG

3.87 Respondent agrees that Petitioner Morrison did not return the minor child to Washington and denies the allegations for lack of information and knowledge set out in paragraph no. 3.87 of the complaint and corrects the facts as follows:

The petitioner was served twice with legal documents about our divorce on Island County. The petitioner was using our son R.E.M to keep manipulating, controlling and abusing me. The petitioner wrongfully removed our son from his habitual residence without my consent and was wrongfully retaining  our son in Mexico in breach of my  guardian's custody right.

3.88 Respondent agrees that the petitioner had shared via text his plans for enrolling R.E.M. to school in Mexico but I denied the allegations for lack of information in paragraph no. 3.88  of the complaint and corrects the facts as follows:

I HAVE ALWAYS BEEN CLEAR ABOUT NOT WANTING R.E.M. TO GO TO MEXICO. (EXHIBIT AI) The petitioner enrolled our son in Mexico without my consent and my lawyers in Mexico are doing the diligence necessary to find out more details about this. The petitioner wrongfully removed our son from his habitual residence without my consent and was wrongfully retaining  our son in Mexico in breach of my  guardian's custody right.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 37 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.89 Respondent agrees that petitioner filed for divorce in San Jose del Cabo, Baja California Sur, Mexico in File No. 046/2023 on January 24, 2023 but  I denied the allegations for lack of information set out in paragraph no. 3.89  of the complaint and corrects the facts as follows:

This was a second separate divorce filed in Baja California Sur by the petitioner, it is not an updated version of  File No. 00962/2022 in Cabo San Lucas Court, Baja California Sur, Mexico. In the second divorce case the petitioner concealed my address in the USA and states that I live in Suzane court. This is the petitioner's mom where we have lived from June, 2022 to December 2022. The Petitioner was well aware of my new address at 6045 McMaster Rd in Freeland as the petitioner visited us in our new residence for the first time on Dec 14, 2022.

The Petitioner filed for a Divorce in Mexico being aware of the divorce proceeding in the USA since December 30, 2022. This divorce filing in Mexico is dated January 24, 2022. The petitioner's attorney replied to my email from Jan 23, 2023 receiving the three Court Orders from Island County.

3.90 Respondent denies for lack of sufficient information, knowledge and belief the allegations set out in paragraph no. 3.90 of the complaint and corrects the facts as follows:

According to the Petitioner's declaration from April 11, 2023 from our ongoing divorce proceeding in US Superior Court, Island County. " I am not challenging the jurisdiction of this court on parenting plans at this point"

3.91 Respondent agrees that petitioner and I remained in communication through January and February and that R.E.M remainder in Buena Vista with his father but  denies for lack of

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 38 of 53

sufficient information, knowledge and belief the allegations set out in paragraph no. 3.91 of the complaint and corrects the facts as follows:

Communication was not amicable; the Petitioner was using R.E.M as a bargaining chip to negotiate our divorce. The Petitioner said that I put him in hot water and I started a war when I asked for a divorce. On Feb 7, 2022 the petitioner threatened saying that he will say D.D.M./G.L.D./D.D.C has two birth certificates in Mexico and I will be deported or in jail, if I do not drop off all legal proceedings that I have started in the USA. He gave me two days to think about it. The petitioner also said that he was in control because R.E.M was with him. I was concerned about our son's safety. (EXHIBIT AJ) Declaration of Fany Morrison In support of Motion for Contempt Order).

The petitioner wrongfully removed our son from his habitual residence without my consent and was wrongfully retaining our son in Mexico in breach of my guardian's rights of custody.

3.92 Respondent agrees with R.E.M. was attending at Dr. Maria Montessori School, I deny the allegations for lack of information or knowledge set out in paragraph no. 3.92 of the complaint and corrects the facts as follows:

 The petitioner did not share any information about our son R.E.M. The petitioner enrolled our son in school without my consent.


3.93 Respondent agrees that I went to Public School Maria Montessori, R.E.M's school but denies for lack of information and correct the true facts as follows:

On Feb 24, 2023 the petitioner texted me saying R.E.M's safety was compromised as my ex-partner was talking about kidnapping our son. (EXHIBIT AK)

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 39 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

3.94 Respondent agrees that there is a locked security gate but I deny the allegations for lack of information or knowledge set out in paragraph no. 3.92 of the complaint.

3.95 Respondent agrees that I talked  a man and I deny the allegations for lack of information or knowledge in paragraph no. 3.96 of the complaint and corrects as follows:

I talked to a man and I said I needed first grade information. I never said I wished to register a new student.

3.96 Respondent agrees that Ms. Montano Rochin talked to me and said she could provide information after all classes but denies allegations for lack of information in paragraph no. 3.96 of the complaint and corrects as follows:

Ms. Montano was going to give me information about first graders not information for a new registration.

3.97  Respondent denies allegations for lack of information in paragraph no. 3.97

3.98 Respondent denies allegations for lack of information in paragraph no. 3.98

3.99 Respondent denies allegations for lack of information in paragraph no. 3.99 and corrects the facts as follows:

The gate was open and I went inside the school by myself my brother Nelson waited outside the school in the car.

3.100 Respondent denies allegations for lack of information in paragraph no. 3.99 and corrects the facts as follows:

Once I was inside there were kids outside their classrooms. Esteban and I made eye contact and immediately hugged each other.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 40 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

1

2  3.101 Respondent denies allegations for lack of information in paragraph no. 3.99 and corrects

3  the facts as follows:

4  Esteban and I were still hugging. I saw Ms. Montano Rochin looked at us very confused and I

5  explained I was R.E.M's mom. She immediately turned aggressive and started pulling R.E.M

6  from my arms, R.E.M was holding tight to my neck and did not let me go. I was protecting

7  R.E.M and hugging him, Ms Montano Rochin started pulling R.E.M's leg. I shouted saying that

   she was hurting him and that's when she finally let him go. I ran away. I was very scared and I

8  did not understand the aggressiveness. I wanted to show Ms. Montano documents from the USA

9  showing her that I have full custody and R.E.M has been wrongfully detained in Mexico. I

10 wanted to let her know that I had opened a criminal investigation against the Petitioner for

11 Retention or Abduction for a minor who does not have the capacity to understand the meaning of

12 the fact.

13 3.102 Respondent denies allegations for lack of information in paragraph no. 3.102.

14 3.103 Respondent agrees that I left the school and started driving a gray car but denies for lack of

15 information the rest of the complaint in paragraph no. 3.103 and corrects as follows:

16 R.E.M and I were still hugging each other, he was not under my arm.

17 3.104 Respondent denies allegations for lack of information or knowledge in paragraph no. 104.

   3.105 Respondent denies allegations for lack of information or knowledge in paragraph no. 105.

18 3.106 Respondent denies allegations for lack of information or knowledge in paragraph no. 3.106

19

20 3.107 Respondent agrees that I was in a gray sentra vehicle but I deny allegations for lack of

21 information or in paragraph no. 3.107 and corrects the facts as follows:

22 ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 41 of 53

A man, probably named Beto, came closer to my car while I was driving. He approached me from the driver's seat and kicked my car at least twice.

3.108 Respondent agrees that Nelson Damian Chang had been inside the school while the struggle ensued, and denies allegation for lack of information and corrects the facts as follows: My brother came to help me and was beaten by people inside the school, then he ran outside the school and was detained by a person who held a gun on him, then the police came and rescued my brother from them. He made his declaration at the police station and was found a victim of the situation (EXHIBIT AL) Lesiones calificadas NUC: LBR/20/2023/NUC.

3.109   Respondent denies allegations for lack of information or knowledge in paragraph no. 3.109

3.110 Respondent agrees that my attorney was dressed in jeans, a black shirt and dark glasses and was shouting to Ms Montano Rochin and everyone, that the woman who took the child was R.E.M.'s mother, I denied the rest of the allegations for lack of information or knowledge in paragraph no. 3.110

3.111 Respondent denies allegations for lack of information or knowledge in paragraph no. 3.111

3.112 Respondent denies allegations for lack of information or knowledge in paragraph no. 3.112

3.113 Respondent agrees that on March 3, 2023, Attorney Dulce Elizabeth Cortez Lopez, a prosecutor for the Specialized Unit for Investigation and Prosecution of Crimes against Family and Sexual Freedoms for La Paz, B.C.S., wrote to Manuel Cordero Esparza, head of the Immigration office for Baja California Sur. She requested a bulletin to prevent Respondent, Fany Damian Chang, also known as Fany Damian Morrison, from leaving the state of Baja California Sur or the territory of Mexico. She asked that they be detained with Notice given to the

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 42 of 53

1   Prosecutor's office of such detention. I denied the rest of the allegations set out in paragraph no.

2   3.13 and corrects the facts as follows:

3   The translation from the Petitioner is inaccurate and misleading

4   in that document Ms. Dulce states **_"an investigation file is being integrated, related to a_**

5   **_reserved crime, to the detriment of FANY DAMIAN CHANG AND/OR FANY MORRISON,_**

6   **_on behalf of her son R.E.M, against the father Ryan Neil Morrison ..."._**

7   While a bulletin was posted an Amber Alert was not a part of this document. On March 01,

8   2023, I filed a report in Mexico for abduction or retention of a minor who does not understand

9   the meaning of the fact, the Respondent is the petitioner. Separately, a true copy and translation

    of the case SGO/017/2023/NUC is provided as EXHIBIT AM )

10  3.114 Respondent agrees that On March 3, 2023, the Head District Attorney for the Department

11  of Justice for Los Barriles, Baja California Sur, petitioned for the activation of the requested

12  Amber Alert in order to locate R.E.M. It noted the criminal case number UILBR/60/2023/NUC,

13  LBR/19/2023/NUC. Separately, a true and accurate copy of the petition by the Head District

14  Attorney dated March 3, 2023 I denied the rest of the allegation set out in paragraph no. 3.114 as

15  the translation is not accurate and uses bold letters when it is not needed.

16  3.115 Respondent agrees.

    3.116 Respondent agrees.

17  3.317 Respondent denies allegations in paragraph no. 117 and corrects the facts as follows:

18  3.118 Respondent agrees that on May 5, 2023 a guardian ad litem was appointed and denies the

19  remainder of allegations in paragraph no. 117 and corrects the facts as follows:

20  The US Superior court of Island County found it in the best interest of R.E.M to appoint a GAL.

21

22  ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 43 of 53          Fany Morrison (Chang)
                                                                  P.O. Box 702
                                                                  Langley, WA 98260
                                                                  206-949-2089

1    3.119 Respondent agrees.

2    3.120 Respondent agrees.

3    3.121 Respondent agrees.

4    3.122 Respondent agrees and would like to add that the petitioner 'brutally interrupted R.E.M.

5    routine' believing that there was a change in the custody based on his filing with the Hague

6    convention and he would sue R.E.M.'s school if he was permitted to attend. Separate a copy and

7    Email from GAL Subject: Semi-urgent re Morrison Case as EXHIBIT AN.

     3.123 Respondent denies allegations in paragraph no. 123 and corrects the facts as follows:

8    After 6 months working on setting up the vacation rental in Mexico and putting it on Airbnb

9    platform it was a common agreement to return to the USA to settle down. Petitioner and I agreed

10   to come back to Whidbey Island where we owned a lot, medical providers, family, friends,

11   school and community was waiting for us.

12   During this time, the petitioner made offers to houses and lots on the island, we both enrolled our

13   son for a full year at South Whidbey Children's center where he has previously attended from

14   Sep 14, 2020 to Nov 24, 2021. I have also returned to work and signed a contract at South

15   Widbey Center where I previously worked from May 14, 2021 to November 30, 2021.

16

17   3.124 Respondent agrees that R.E.M returned to Mexico on January 4th and denies reminder of

     the allegation in paragraph no. 123 and corrects the facts as follows:

18   On January 3, 2023 the petitioner unilaterally changed R.E.M. residency by keeping our son

19   without my consent and not returning him to my residence in Freeland. Then the petitioner took

20   R.E.M. to Mexico without my consent.

21

22   ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 44 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

On January 23, 2023 I was granted sole custody of our son R.E.M. . The petitioner has been found in contempt and ordered to immediately return our son to my custody. Quoted below

"Prior to his removal, on January 3, 2023 R.E.M. has been a habitual resident of Island County, Washington in the United States of America in the residence of the petitioner Fany Morrison. The child was wrongfully removed to Mexico by the respondent without the petitioner's knowledge or consent.

This was a violation of the petitioner's right and the petitioner was exercising her legal rights to the child at the time of the child's removal by the respondent. At the time of the removal there was a valid Island County Superior Court Restraining Order in effect ordering the child to continue reside in the petitioner's home"

3.125 Respondent denies the allegation in paragraph no. 123 and corrects the facts as follows: I have been following the US Island's superior court orders. I filed for divorce on Dec 28, 2022 with the main interest to protect our son R.E.M from an abduction by the petitioner. The court ordered a Temporary Restraining Order at that time restraining both parties from changing the residence of R.E.M without a written agreement for both parties. On January 23, 2023 I was granted sole custody of our son. R.E.M was wrongfully abducted to Mexico from January 3, 2023 to March 2, 2023 by the petitioner. In a second divorce the petitioner filed in Mexico 46/2023 in San Jose del Cabo, the petitioner does not have custody. On March 14, 2023 the judge Josefina Curiel Gautereau reserved the right to give custody to the petitioner as there is no evidence enough to decree them. Separately, a true copy of the agreement is provided signed by the judge of the first instance of the family branch of the judicial district of Los Cabos as EXHIBIT AO.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 45 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

WRONGFUL REMOVAL OF CHILD AND RETENTION: CLAIM FOR RELIEF

4.1 Respondent denies the allegation in paragraph no. 4.1 and corrects the facts as follows:

Mexico is not R.E.M's habitual residence. Our Habitual residence was established in 2017 when we moved to Langley, WA and bought a house on 3905 Lone Lake Road and continued to live after the birth of R.E.M. R.E.M was born in the US near our home because that was his habitual residence. My other son had already attended school at South Whidbey for 2 years.  EXHIBIT F Our visits to Mexico have been circumstantial.

From October, 2019 to August, 2022  my mom took care of the baby and me as I had postpartum complications. Then we went to see the remodeling of our investment house in Baja California Sur Mexico and we stayed longer due to Covid restrictions and fear of traveling. We sold the house to our friend Evelyn in October 2022 and kept living in the house for a low rent as they were supporting of our plans to building a family house on the lot in Freeland that we purchased on August 2020 (EXHIBIT P)


After we sued our friends for harassment in Sep, 2021 we were forced to vacate the house in Nov, 2022 and we went to Mexico from Dec, 2022 to May 2022 our stay was in Mexico was in order to meet the petitioner needs but not the family needs, as he needed space from our friend Evelyn, we also used this time to set up the investment property in Buena Vista Baja California Sur on Airbnb, once it was successfully working, we were in agreement to return to the USA. From May 2022 to Dec 2022 the Petitioner made offers to houses on South Whidbey Island. Mr. Forbes, our agent, was not able to provide information protecting the privacy of his client.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 46 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

Before his wrongful abduction on January 3, 2023 by the petitioner to Mexico R.E.M. spent 26 months in the USA and 16 months in Mexico. I had a one year lease of a home on Whidbey, Esteban has been enrolled twice at South Whidbey Children's Center (from Sep 14, 2020 to Nov 24, 2021 and Nov and returned Jun 27, 2022 to current) (EXHIBIT I)   R.E.M has received and continues receiving all medical attention, here (EXHIBIT K). We filed our taxes in the USA. Petitioner owns a company in the USA called True Mileage, I have a job in the USA, my other son has grown up here, even my pregnancy was taken care of in the USA.

4.2 Respondent denies this allegation on paragraph no. 4.2 In June 2022 we returned from Mexico as a family. Both Ryan and I enrolled R.E.M. in the school and he regularly attended school (EXHIBIT I) as of August 2022 I committed to a year long employment at the South Whidbey Children's Center (EXHIBIT Y). All of this was done with the knowledge of the petitioner.

4.3 Respondent denies this allegation on paragraph no. 4.3. the Respondent was served with divorce papers on 12.28.2022 with temporary restraining orders which instructed both parties not to change the residence of the R.E.M. (EXHIBIT AA)

4.4 Respondent denies this allegation on paragraph no. 4.4. Although petitioner desired to take R.E.M. to Mexico, the respondent was always firm in her opposition to this action and specifically wanted the temporary restraining order out of fear for her child's safety that the petitioner would take R.E.M. without her consent.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 47 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

1  4.5 Respondent denies this allegation on paragraph no. 4.5

2

3  4.6 Respondent denies this allegation on paragraph no.4.6 On June 2022 we returned from

4  Mexico as a family. Both Ryan and I enrolled R.E. M. in the school and he regularly attended

5  school (EXHIBIT I) as of August 2022 I committed to a year long employment at the South

6  Whidbey Children's Center (EXHIBIT Y). All of this was done with the knowledge of the

7  petitioner.

8  4.7 Respondent denies this allegation on paragraph no. 4.7 In June 2022 we returned from

9  Mexico as a family. Both Ryan and I enrolled R.E. M. in the school and he regularly attended

10  school (EXHIBIT I) as of August 2022 I committed to a year long employment at the South

11  Whidbey Children's Center (EXHIBIT Y). All of this was done with the knowledge of the

12  petitioner.

13

14  4.8 Respondent denies this allegation on paragraph no. 4.8. After the petitioner's abduction of

15  R.E.M. to Buena Vista, B.C.S. the respondent attempted through the FBI and the Hague

16  Convention (EXHIBIT AE, AF, AP) to work for the return of her child for 2 months. It was only

17  when the petitioner contacted the Respondent and several others, fearing for the safety of R.E.M.

18  (EXHIBIT AK) (EXHIBIT AQ) that the respondent went to Mexico, and with the help of local

19  attorney's reunited with her child and brought him back to the United States on March 2, 2023.

20  In addition, the petitioner also stated that the Cartel in Mexico was angry and he feared for

21  R.E.M. on March 3, 2023 (EXHIBIT AR) and the respondent fears that if R.E.M. is returned to

22  Mexico he will not be safe.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 48 of 53

4.9 Respondent denies this allegation on paragraph no. 4.9. According to court documents dated 01.23.23 from the Superior Court of Washington, Island County (EXHIBIT AG) R.E.M was habitually a resident of Island County and the respondent had full custody of R.E.M.

4.10 Respondent denies this allegation on paragraph no. 4.10. According to court documents dated 01.23.23 from the Superior Court of Washington, Island County (EXHIBIT AG, AH) R.E.M was habitually a resident of Island County and the respondent had full custody of R.E.M.

4.11 Responded denies this allegation on paragraph no. 4.11 and corrects the facts as follows: I live in Langley WA, USA.

4.12 Respondent agrees that The Hague Convention applies to children under sixteen (16) years of age but denies the rest of the allegation for lack of information or knowledge on paragraph no. 4.12

4.13 Respondent agrees that This Petition is filed less than one year and denies the rest of the allegation for lack of information or knowledge on paragraph no. 4.13

PROVISIONAL REMEDIES

5.1 The court should take measures to protect the well being of R.E.M. and prevent further removal or concealment before the final disposition of the petition by either party.

5.2. Both parties should be restrained from removing R.E.M. from Western Washington before the final disposition of the petition. The respondent denies this allegation applies only to her and applies to the petitioner as well.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 49 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

5.3 Respondent asks that the request for an expedited hearing be denied as there is an active Island County Washington case #22-3-00356-15 where jurisdiction over the child has been established and child custody and visitation established via a temporary parenting plan on January 23, 2023 with the last amended parenting plan signed by the Court on November 13, 2023.

## ATTORNEY FEES AND COSTS

6.1 Respondent denies the allegations set out in paragraph no. 6.1 of the complaint and affirmatively avers that the Petitioner has not sustained any damages caused by the Respondent and correct the facts as follows:

I have not caused any damages and it has been the Petitioner's choice to apply for the Hague Convention and does not follow US Island County Court orders. R.E.M's habitual residence is Langley, Washington as it was determined by the Island County Superior Court already in the current divorce proceedings. Petitioner wrongfully abducted our son to Mexico on Jan 3rd, after the petitioner texted me saying our child's safety was compromised and was at risk to be kidnapped. Respondent had to go and bring him back to my custody and home where he is safe and loved.

6.2 Respondent asks that Petitioner's request for attorney fees and costs be denied because Island County Superior Court allows attendees to appear at the hearings via Zoom and Petitioner has retained counsel who appears on his behalf. Therefore, Petitioner unnecessarily incurred the alleged costs and visitation at the child's known residence (Washington state) is proper and not due to the actions of or alleged wrongful retention of R.E.M. by the Respondent.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 50 of 53

## VIII RELIEF REQUESTED

Respondent requests that judgment be entered as follows:

8.1 Dismissing the petitioner's complaint as there is already a restraining order that prohibits both parents to remove our child from Western Washington ordered by Island County Superior Court.

8.2 Dismissing the petitioner's complaint as there is divorce proceeding in Island County Superior Court (#22-3-00356-15) and a valid Parenting Plan with a GAL .

8.3 Dismissing the petitioner's complaint with prejudice and without an award of costs and fees to the petitioner.

8.4 Dismissing the petitioner's complaint with prejudice and without an award of costs and fees to this complaint on paragraph no. 8.4 as R.E.M habitual home is Langley, WA.

8.5 Dismissing the petitioner's complaint

  1a. Habitual Residence was determined to be Island County by the Superior Court of Washington State, Island County

  1b. Respondent retrieved her child who was wrongfully abducted after the Petitioner reported fear for R.E.M.'s safety.

  1c. R.E.M. was living in Washington as it was his habitual residence.

  1d. Petitioner is the father of the child but was denied custody and was wrongfully retaining the child in Mexico to gain leverage in his divorce proceedings and with intent to obstruct the lawful exercise of Respondent's parental rights.

  1e. Petitioner was not exercising his rights of custody when he abducted his child on January 3, 2023 as Petitioner abducted R.E.M. during Respondent's court-ordered residential time.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 51 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

1f. The Respondent agrees that the court has jurisdiction in this action but argues that bringing the case in Island County Superior Court where the parties' family law divorce case is currently being litigated would have been more appropriate as that Court is intimately familiar with the facts of the case.

8.6  Awarding my statutory costs and fees for Petitioner's .

## AFFIRMATIVE DEFENSES

A.      The well settled defense. The child was well established in Washington state at the time of the alleged removal.

B.      Grave risk defense. A R.E.M. has had a parenting plan in place in Island County Superior Court since January 2023. In that, and the current parenting plan, Respondent is the primary parent and the sole decision maker for all educational and medical decisions, and has been the primary parent since the child's birth. R.E.M. is established in the community, school, and with family in Island County, Washington, a determination of the child as a resident of Mexico would expose the child to grave psychological and physical harm. Petitioner's mother, a resident of Island County, Washington also has court-ordered visitation with R.E.M. *See Island County Superior Court Cause No. 23-7-00040-15.*

C.      Unclean hands. Petitioner brought this lawsuit after wrongfully abducting R.E.M. from his habitual residence in Washington state in violation of Island County Superior Court's temporary restraining order not to change the residence of the child without the mother's consent and for violating the temporary parenting plan by not returning R.E.M. to mother at the end of his residential time. Petitioner was found in contempt based on these violations and a Contempt Hearing Order was signed by the Court on January 23, 2023 and Respondent was awarded a $1,800 money judgment for fees incurred to bring the contempt motion.

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 52 of 53

Fany Morrison (Chang)
P.O. Box 702
Langley, WA 98260
206-949-2089

Dated: *November 27, 2023*.

Signed_____
                              Fany Damian Chang

Fany Damian Chang, Pro Se Respondent
*[PO Box 702, Langley WA 98260]*

ANSWER TO PETITION FOR RETURN OF CHILD. Pg. 53 of 53